[No. 75108-1. En Banc.]
Argued February 10, 2005.     Decided July 28, 2005.

THE CITY OF WALLA WALLA, *Petitioner*, v. KATHLEEN J. GREENE, *Respondent*.

*Timothy J. Donaldson, City Attorney,* and *M. Brent Leonhard, Assistant,* for petitioner.

*Michael E. de Grasse,* for respondent.

¶1 C. JOHNSON, J. — This case involves a constitutional challenge to RCW 46.61.5055(12)(a)(v), which defines "prior offenses" that increase mandatory minimum sentences for certain driving under the influence (DUI) convictions. Specifically, the constitutional challenge involves whether a "prior offense" can include a conviction for first degree negligent driving where the conviction was originally charged as DUI. Walla Walla District Court ruled that the statute violates requirements of due process. We granted direct review and reverse.

## FACTS

¶2 In 2000, Kathleen Greene (Greene) was charged with DUI, to which she pleaded guilty to an amended charge of first degree negligent driving, under RCW 46.61.5249[1] In 2004, on the current offense, Greene was charged and convicted of DUI.[2] Under RCW 46.61.5055, a person with a "prior offense" within the past seven years is subject to a harsher mandatory sentence.

¶3 At sentencing for the current offense, Greene argued that the statute establishing harsher minimum sentencing based on the definition of "prior offense" is unconstitutional

---

[1] As part of this earlier charge, Greene stated: "I understand that my conviction for this offense ... may be used to enhance and increase the penalty if I am subsequently convicted of any other alcohol related driving offense." Clerk's Papers (CP) at 41.

[2] Charged for DUI on March 23, 2002, Greene was eventually convicted on that charge in Walla Walla District Court on February 6, 2004. CP at 1-8.

on due process grounds. She contended that since each element of her earlier DUI-related charge was not proved to be DUI, her current charge should be considered a first time offense.

¶4 The prosecution, city of Walla Walla, contended that the due process protection as argued by Greene relates only to the adjudicatory phase of criminal proceedings, not the sentencing phase. Thus, since the statutory definition of a "prior offense" requires a conviction for certain listed offenses, a valid conviction is established for due process purposes. As a result, the prosecution contended that the statutory minimum sentence for Greene's "second offense" should have been imposed.

¶5 Walla Walla District Court agreed with Greene, relying on *State v. Shaffer*, 113 Wn. App. 812, 818-20, 55 P.3d 668 (2002), which concluded certain mandatory minimum sentencing enhancements violate due process if based on an earlier unproven "prior offense." Accordingly, the district court sentenced Greene as a DUI first time offender, resulting in two nonsuspended days in jail. The prosecution appealed, and we accepted direct review. We overrule *Shaffer*, reverse the district court, and remand.

## STANDARD OF REVIEW

¶6 The constitutionality of a statute is a matter of law reviewed de novo. *State v. Shultz*, 138 Wn.2d 638, 643, 980 P.2d 1265 (1999).

## DISCUSSION

¶7 In 1995, the legislature enacted the revisions to RCW 46.61.5055 at issue in this case. RCW 46.61.5055(12)(a)(v) provides that certain DUI-related convictions are considered "prior offenses," whether or not a DUI was the final conviction.

¶8 The statute provides a "prior offense" is:

A conviction for a violation of RCW 46.61.5249 [negligent driving-first degree], 46.61.500 [reckless driving], or 9A.36.050

[reckless endangerment] or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 [driving under the influence] or 46.61.504 [physical control of vehicle under the influence], or an equivalent local ordinance, or of RCW 46.61.520 [vehicular homicide] or 46.61.522 [vehicular assault].

RCW 46.61.5055(12)(a)(v).

¶9 Walla Walla District Court relied on *Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002). In *Shaffer*, the Court of Appeals determined that a two year mandatory statutory sentence enhancement after a vehicular homicide conviction is a violation of due process since it was based on an earlier "prior offense" of reckless driving, originally charged as DUI. The court reasoned that since the statute does not require any proof that an earlier DUI was committed, it violates due process. *Shaffer*, 113 Wn. App. at 818-19. The court relied on *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), to hold that it was unconstitutional to conclude that a prior DUI offense occurred where no proof existed.

¶10 Greene contends that based on *Shaffer*, RCW 46.61.5055(12)(a)(v) is unconstitutional because an unproven DUI charge, even if resulting in a variant conviction, cannot be used to deprive a person of liberty. She claims that the due process clause of the Fourteenth Amendment[3] protects her from being imprisoned for a crime in which each element is not proved beyond a reasonable doubt. The prosecution argues that *Shaffer* should be overruled, and the statute should be considered valid, because the legislature has the authority to define any related prior conviction as a "prior offense."

¶11 In *Shaffer*, the Court of Appeals interpreted former RCW 9.94A.310(7), recodified as RCW 9.94A.510(7) (2000) by Laws of 2001, ch. 10, § 6. *Shaffer*, 113 Wn. App. at 816. The statute requires a two year mandatory enhancement for each prior offense as defined in RCW 46.61.5055. As in

_____

[3] "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

*Shaffer*, RCW 46.61.5055 is the statute at issue here which incorporates particular driving-related convictions that were originally charged as DUI. RCW 46.61.5055(12)(a)(v).

¶12 The Court of Appeals assumed and stated in its analysis that the legislature only included a prior offense "where DUI was involved." *Shaffer*, 113 Wn. App. at 818. The court cited the statutory definition under former RCW 9.94A.310(7) as follows: " 'An additional two years shall be added to the standard sentence range for vehicular homicide committed while under the influence of intoxicating liquor or any drug . . . for each prior offense [of *driving under the influence*].' " *Shaffer*, 113 Wn. App. at 816 (emphasis added) (alteration in original). The problem with this analysis is that under the statute at issue, the definition of prior offense does not contain the emphasized language that was added by the Court of Appeals.

¶13 The statutory list of prior offenses contains more than merely a DUI conviction. RCW 46.61.5055(12)(a)(v) lists specific convictions that constitute a prior offense under the statutory definition. The statute then limits applicability to those convictions where DUI was the predicate charge, thus requiring alcohol or drugs to be involved with the convicted driving offense. No parties dispute the statute is constitutional without this limiting DUI element. It follows that with the limiting element, the legislature is simply clarifying those alcohol or drug-related prior offenses to be considered. While the *Shaffer* court might be correct if the statutory definition of prior offenses listed only unproven charges, here, the statute specifies the prior convictions being applied to impose an enhanced punishment for a later offense. Subject only to the constraints of the constitution, the legislature may define and punish criminal conduct. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 172, 12 P.3d 603 (2000).

¶14 The statutory definition requires a conviction for negligent driving, or other listed offense, originating from a DUI charge. RCW 46.61.5055(12)(a)(v). Accordingly, the statute requires the State to establish that a prior

driving conviction involved use of intoxicating liquor or drugs. Thus, due process is satisfied for the purposes of this mandatory enhancement if the prior conviction[4] exists and the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense.

¶15 The court in *Shaffer* erred in concluding that the due process protections articulated in *Winship* render RCW 46.61.5055(12)(a)(v) unconstitutional. *Winship* held that every element of a crime must be proved beyond a reasonable doubt in the context of a criminal proceeding. *Winship*, 397 U.S. at 364. For Greene, the fact that she was convicted of first degree negligent driving is sufficient to satisfy her due process protections because all elements of that offense are established by virtue of the conviction itself. Accordingly, we hold that here, RCW 46.61.5055(12)(a)(v) survives constitutional challenge.

## CONCLUSION

¶16 We reverse the district court, overrule *Shaffer*, and remand for disposition consistent with this opinion.

ALEXANDER, C.J., and MADSEN, BRIDGE, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶17 SANDERS, J. (dissenting) —Five years ago Kathleen Greene was charged with driving under the influence (DUI) and pleaded guilty to the lesser offense of first degree negligent driving. Last year she was charged and convicted of DUI. Under RCW 46.61.5055 the State seeks to use Greene's previous plea as a "prior conviction" for a sentence enhancement even though she was not convicted of DUI. While such action may be allowed under the statute, it deprives Greene of her liberty absent the process due her under the constitution by increasing her punishment based on an unproven DUI charge. Nevertheless, the majority upholds the statute. I dissent.

---

[4] Negligent driving in the first degree (46.61.5249), reckless driving (46.61.500), or reckless endangerment (9A.36.050). RCW 46.61.5055(12)(a)(v).

¶18 The trial court struck down the statute, relying on *State v. Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002). In *Shaffer*, the defendant pleaded guilty to a charge of vehicular homicide and received a mandatory sentencing enhancement of 24 months because he had previously been charged with DUI, even though the previous conviction was for reckless driving. The Court of Appeals struck down the statute (former RCW 46.61.5055(11)(a)(v) (1999))[5] as unconstitutional since it increased the defendant's punishment based on an unproven DUI charge. The court reasoned a sentence could not be enhanced under the statute for mere reckless driving or first degree negligent driving. An additional requirement is needed to trigger the mandatory enhancement: the unproved DUI charge. Such a mandatory enhancement violated due process because the State is never required to prove DUI; it never has to prove alcohol was even involved in the previous conviction. *See Shaffer*, 113 Wn. App. at 818 n.19 (describing situations where a DUI could be charged but not proved).

¶19 Further, the court reasoned the statute fell short of the "minimum constitutional standard required for criminal conviction. That standard is for proof beyond a reasonable doubt." *Id.* at 819; *see also In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) (holding that due process requires the government to prove every element of a crime beyond a reasonable doubt). If a defendant pleads guilty to reckless driving or first degree negligent driving and later to an unrelated DUI, he is not liable for the mandatory enhancement. If, however, the first crime was charged as DUI, then he is so liable. A difference in

---

[5] The relevant language of the former version is identical to the present version, which includes this provision in the definition of a "prior offense":

A conviction for a violation of RCW 46.61.5249 [first degree negligent driving], 46.61.500 [reckless driving], or 9A.36.050 [reckless endangerment] or an equivalent local ordinance, if the conviction is the result of a charge that was *originally filed* as a violation of RCW 46.61.502 [DUI] or 46.61.504 [physical control of a vehicle under the influence], or an equivalent local ordinance, or of RCW 46.61.520 [vehicular homicide] or 46.61.522 [vehicular assault].

RCW 46.61.5055(12)(a)(v) (emphasis added).

punishment is predicated on an unproved charge. This result violates due process.

¶20 *Shaffer* is persuasive, but the majority disapproves of its reasoning. The majority concludes the State is required to demonstrate the first conviction was alcohol related. Majority at 747. This is so, the majority reasons, because the statute requires a DUI charge. *Id.* But that is the problem. The first conviction could have been charged as DUI even if the charge was inaccurate and could not be proved. *See Shaffer,* 113 Wn. App. at 818 n.19. The result is a mandatory sentence enhancement based on a conviction that may not have involved alcohol. Due process requires greater safeguards to protect individual liberty.

¶21 I would affirm the district court and therefore dissent.

CHAMBERS, J., concurs with SANDERS, J.

Reconsideraton denied September 9, 2005.