FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45013-5-II |
| Respondent, | |
| v. | |
| PATRICK JOSEPH MULLEN, | PART PUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Patrick Joseph Mullen appeals his jury convictions for felony driving under the influence (DUI) and second degree driving while license suspended or revoked (DWLS). Mullen argues that the trial court violated his due process rights when it declined to give his proposed jury instruction requiring the State to prove beyond a reasonable doubt that alcohol or drugs were involved in his prior conviction for reckless driving. In the published portion of this opinion, we agree with Mullen. Mullen's remaining arguments are addressed in the unpublished portion of this opinion. We reverse Mullen's felony DUI conviction, remand to the trial court to enter a misdemeanor DUI conviction, and affirm his second degree DWLS conviction.

## FACTS

In March 2013, State Trooper Cliff Roberts arrested Mullen after he observed Mullen's erratic driving and suspected that he was under the influence. The State charged Mullen with felony DUI[1]—based in part on a prior 2008 conviction for reckless driving[2]—and with second degree DWLS.[3]

Mullen filed a motion to exclude the 2008 reckless driving conviction as a qualifying prior offense for felony DUI because there was no proof beyond a reasonable doubt that alcohol or drugs were involved in the 2008 offense. The trial court denied this motion.

Mullen proposed the following jury instruction, defining a "prior offense" for felony DUI:

> A "prior offense" means any of the following:
> (1) A conviction for a violation of RCW 46.61.502 (Driving Under the Influence) or an equivalent local ordinance;
> (2) A conviction for a violation of RCW 46.61.504 (Physical Control) or an equivalent local ordinance;
> (3) A conviction for a violation of RCW 46.61.5249 (Negligent Driving in the First Degree), *RCW 46.61.500 (Reckless Driving)*, or RCW 9A.36.050 (Reckless Endangerment) or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 (Driving Under the Influence) or RCW 46.61.504 (Physical Control) and *the State has proven beyond a reasonable doubt that the prior incident was alcohol or drug related.*

Clerk's Papers (CP) at 77 (emphasis added). The trial court declined to give his proposed instruction.

---

[1] RCW 46.61.502(6)(a).

[2] Former RCW 46.61.500 (1990).

[3] RCW 46.20.342(1)(b).

No. 45013-5-II

The jury convicted Mullen of felony DUI and second degree DWLS. Mullen appeals both convictions.

ANALYSIS

This case presents an issue of first impression: whether the State must prove beyond a reasonable doubt that a prior conviction for reckless driving involved alcohol or drugs in order to use that conviction as a prior offense to elevate a misdemeanor DUI to a felony. Mullen argues that after our Supreme Court's decision in *City of Walla Walla v. Greene*, 154 Wn.2d 722, 116 P.3d 1008 (2005), *cert. denied*, 546 U.S. 1174 (2006), the involvement of alcohol or drugs in a prior conviction for reckless driving is an essential element when the State seeks to use that conviction to elevate misdemeanor DUI to a felony. Because it is an essential element, Mullen argues that due process requires it be proven beyond a reasonable doubt and to a jury and that the trial court violated his due process rights when it refused to give his proposed jury instruction. The State argues that whether alcohol or drugs was involved in the prior conviction is a threshold legal question for the trial court to decide. We agree with Mullen.

A. THRESHOLD ISSUES: INVITED ERROR AND WAIVER

1. INVITED ERROR

The State argues that invited error applies because Mullen's "Motion to Exclude Prior Offense" created the circumstance in which the trial court determined, as a matter of law, whether the reckless driving conviction qualified as a prior offense. We disagree.

"[I]nvited error doctrine is a strict rule that precludes a criminal defendant from seeking appellate review of an error he helped create, even when the alleged error involves constitutional

3

rights." *State v. Carson*, 179 Wn. App. 961, 973, 320 P.3d 185, *review granted*, 181 Wn.2d 1001 (2014).

The State argues that Mullen invited error here because he improperly framed the issue in his motion as a request for the court to determine whether his reckless driving should be excluded as a prior offense. But the State misunderstands Mullen's motion. Mullen's motion requested a finding that, in light of *Greene*, and as a matter of law, the State could not prove beyond a reasonable doubt that drugs and alcohol were involved in the prior conviction. Mullen did not ask the court to determine a solely legal question; instead, he asked it to consider the facts that the State intended to establish and to find that the State could not prove an essential element beyond a reasonable doubt. We, therefore, reject the State's invited error argument.

2. WAIVER

The State next argues that Mullen waived his right to argue for the first time on appeal that a jury should determine whether alcohol or drugs were involved in the prior offense because he did not move for reconsideration of the trial court's denial of his motion to exclude. We disagree.

We generally decline to review claims that are raised for the first time on appeal. RAP 2.5(a). We will, however, review an argument for the first time if it concerns a "manifest error affecting a constitutional right." RAP 2.5(a)(3). An error affecting a constitutional right is manifest if the appellant can show actual prejudice. *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011).

We disagree that Mullen waived his due process argument by failing to move for reconsideration for three reasons. First, Mullen's motion to exclude anticipated a question of fact for jury determination. CP at 7 ("There remains an unproven question of fact as to whether the

4

prior incident involved alcohol or drugs."). Second, the State points us to no case law to support the proposition that preserving this argument for appeal required a motion for reconsideration. And third, Mullen preserved this argument when he proposed a jury instruction that required proof "beyond a reasonable doubt that the prior incident was alcohol or drug related." CP at 77. It was squarely within the trial court's authority to give Mullen's proposed jury instruction and it declined. During discussion about jury instructions, Mullen stated,

> I just want to formally object. I don't think that the State's proffered instruction of a prior offense is a correct statement of the law. It would violate due process, *In re Winship*[, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)], allowing him to potentially be found guilty for an offense that was not proven beyond a reasonable doubt to be a qualifying offense.

Report of Proceedings (RP) (June 14, 2013) at 106. Mullen did not waive his due process argument.

Because the State's invited error argument fails and the proposed jury instruction preserved Mullen's argument for appeal, we continue to the merits of Mullen's argument.

B. WHETHER A PRIOR CONVICTION INVOLVED ALCOHOL OR DRUGS
IS AN ESSENTIAL ELEMENT OF FELONY DUI

Mullen argues that, after *Greene*, the involvement of alcohol or drugs in the prior conviction is an essential element of felony DUI that must be proven beyond a reasonable doubt and to a jury. The State argues that whether the reckless driving conviction qualifies as a prior offense is a threshold legal question for the trial court to decide. We agree with Mullen that the State must prove beyond a reasonable doubt that his prior reckless driving conviction involved alcohol or drugs in order to elevate the misdemeanor DUI to a felony DUI.

5

1. STANDARD OF REVIEW AND RELEVANT LAW

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to have elements determined by a jury. U.S. CONST. amend. VI; *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013); *State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008); *State v. Oster*, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). Due process requires the State to prove each essential element of a crime beyond a reasonable doubt. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 22; *In re Winship*, 397 U.S. at 364; *Oster*, 147 Wn.2d at 146. Whether an issue presents a question of law or fact and, thus, whether the trial court has the authority to decide it, is a question of law that we review de novo. *State v. Chambers*, 157 Wn. App. 465, 474, 237 P.3d 352 (2010), *review denied*, 170 Wn.2d 1031 (2011); *State v. Miller*, 156 Wn.2d 23, 27, 123 P.3d 827 (2005). Therefore, in order to determine whether a fact must be found by a jury beyond a reasonable doubt, this court must first determine whether the fact is an "element" of the offense charged. *Alleyne*, 133 S. Ct. at 2158.

A person is guilty of felony DUI if he (1) "drives a vehicle within this state," (2) has "within two hours after driving, an alcohol concentration of 0.08 or higher," and (3) "has four or more prior offenses within ten years as defined in RCW 46.61.5055." RCW 46.61.502(1)(a), (6)(a). Reckless driving may qualify as a prior offense "if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 [DUI]." RCW 46.61.5055(14)(a)(x). "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." RCW 46.61.500(1).

In *Greene*, our Supreme Court held that "due process is satisfied for the purposes of this mandatory enhancement if the prior conviction exists and the [State] can establish that intoxicating

liquor or drugs were involved in that prior offense." 154 Wn.2d at 728 (applied to a prior conviction for first degree negligent driving). Therefore, the issue here is whether the involvement of alcohol or drugs is an essential element of a felony DUI or a threshold legal question for the trial court to determine. We hold that because the legislature's intent was to charge defendants who are guilty of prior *alcohol- or drug-related* offenses with felony DUI, the involvement of alcohol or drugs in prior convictions is an essential element that must be proven to a jury where it was not an essential element of the prior conviction itself.

2. DISCUSSION

a. WHAT IS AN ESSENTIAL ELEMENT OF A CRIME

The United States Supreme Court has recently decided several cases that provide guidance in determining what facts are essential elements that must be proven to a jury. In *Alleyne*, the Supreme Court held that whether the defendant had brandished his weapon was a fact and must be tried to a jury because "[b]ut for a finding of brandishing, the penalty is five years to life in prison; with a finding of brandishing, the penalty becomes seven years to life." 133 S. Ct. at 2160. Although unlike *Alleyne* this case does not involve sentencing, the issue is similar where but for a finding that the reckless driving conviction involved alcohol or drugs, the penalty is one year for a misdemeanor DUI, and with a finding that alcohol or drugs were involved, Mullen's standard range sentence is 22 to 29 months for a felony DUI. Mullen's case is even stronger than *Alleyne* because without a finding that alcohol or drugs were involved in his reckless driving conviction, Mullen is guilty of an entirely different offense, misdemeanor DUI.

Applying the same principle to upward deviations in sentencing in *Blakely v. Washington*, 542 U.S. 296, 303-05, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Supreme Court held that

when a defendant is sentenced to more than the statutory maximum standard range, he is entitled to a jury determination of any facts that justified the upward deviation. The Court held that the defendant was entitled to a jury determination of any factor that could increase his standard range sentence. *Blakely*, 542 U.S. at 303-04. Although *Blakely* involved an upward deviation from the standard sentencing range and Mullen received a standard range sentence, *Alleyne*'s and *Blakely*'s reasoning is relevant to Mullen because it supports a requirement that facts that justify an increased penalty be tried to a jury.

In Washington, similar reasoning has been applied to offenses that rely on past convictions to elevate a crime from a misdemeanor to a felony. *See, e.g., Roswell*, 165 Wn.2d at 192-93; *Oster*, 147 Wn.2d at 145-47. Although neither *Oster* nor *Roswell* are directly on point, their reasoning is persuasive. In *Oster*, the defendant was charged with felony violation of a domestic violence no-contact order. 147 Wn.2d at 143. The charge was elevated to a felony because he had two or more prior convictions for violating a no-contact order. *Oster*, 147 Wn.2d at 143-44. Our Supreme Court held that "[a]s set forth in the statute, the prior convictions function as an element of the felony violation of a no contact order." *Oster*, 147 Wn.2d at 146. Because the trial court properly instructed the jury on finding prior convictions beyond a reasonable doubt, however, our Supreme Court affirmed Oster's felony conviction. *Oster*, 147 Wn.2d at 145-47.

Similarly, in *Roswell*, the defendant was charged with communication with a minor for immoral purposes, a gross misdemeanor that would be elevated to a felony if he had been previously convicted of a felony sexual offense. 165 Wn.2d at 190. Our Supreme Court stated, "For example, here, if Roswell had had no prior felony sex offense convictions, he could not have been charged or convicted of *felony* communication with a minor for immoral purposes." *Roswell*,

165 Wn.2d at 192. Although it was not the central issue in that case, the court held that Roswell's prior convictions were elements of the felony charge because he could never be convicted of a felony absent the prior convictions. *Roswell*, 165 Wn.2d at 194. As in *Oster*, the mere existence of the prior convictions was sufficient to elevate the current offense to a felony.

Although helpful, neither *Oster* nor *Roswell* are precisely on point because in those cases the mere existence of the prior conviction was sufficient to elevate the offense to a felony. Here, Mullen argues that the mere existence of the prior reckless driving conviction is insufficient to elevate the current DUI to a felony DUI because the involvement of alcohol or drugs is not an essential element of reckless driving. *See Greene*, 154 Wn.2d at 727-28. Mullen argues that *Greene* interpreted the legislature's intent in defining which past convictions could serve as "prior offenses" to elevate a misdemeanor DUI to a felony. His position is that, post-*Greene*, the State must prove beyond a reasonable doubt that his prior reckless driving conviction was alcohol or drug related in order to elevate the misdemeanor DUI to felony DUI.

    b. *CITY OF WALLA WALLA V. GREENE*

It is undisputed that the existence of Mullen's prior conviction for reckless driving must be proven to a jury beyond a reasonable doubt. The State asserts that *Greene* stands for the proposition that, unlike the existence of the prior conviction itself, involvement of drugs and alcohol is a threshold question of law that the trial court had the authority to decide. Mullen asserts, however, that *Greene* establishes the involvement of alcohol or drugs as part of the definition of a prior offense, that it is an element of the crime, and that it must be found by a jury beyond a reasonable doubt. We agree with Mullen because, after *Greene*, unless alcohol or drugs were

9

involved in his reckless driving conviction, Mullen could not have been charged with felony DUI and, therefore, it is an essential element of the offense of felony DUI.

In *Greene*, the State charged the defendant with misdemeanor DUI, but she pleaded guilty to first degree negligent driving, an offense that requires proof of driving under the influence of alcohol or drugs.[4] 154 Wn.2d at 724. She was later convicted of an additional DUI, and the City sought to use the negligent driving conviction as a prior offense because it was originally charged as a DUI. *Greene*, 154 Wn.2d at 724-25. She successfully argued to the trial court that under *State v. Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002), *overruled by Greene*, 154 Wn.2d 722, the sentence enhancement violated due process because it was based on an unproven prior offense. *Greene*, 154 Wn.2d at 725. The City of Walla Walla appealed.

Our Supreme Court reversed the trial court and overruled *Shaffer*. *Greene*, 154 Wn.2d at 725. In rejecting *Shaffer*, the Supreme Court held that

> the statute requires the State to establish that a prior driving conviction involved use of intoxicating liquor or drugs. Thus, due process is satisfied for the purposes of this mandatory enhancement if the prior conviction exists and the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense.

*Greene*, 154 Wn.2d at 727-28 (footnote omitted). Because the legislature intended only to impose enhanced penalties on those who repeatedly commit alcohol- or drug-related driving offenses, the definition of a "prior offense," as interpreted by *Greene*, requires the State to prove both that the prior conviction exists and that it was alcohol or drug related. *See* 154 Wn.2d at 728. Since the

---

[4] "A person is guilty of negligent driving in the first degree if he or she operates a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property, *and exhibits the effects of having consumed liquor or marijuana or any drug.*" RCW 46.61.5249(1)(a) (emphasis added).

parties agree that due process requires the State to prove the existence of the prior conviction beyond a reasonable doubt, it is logical, based on the language of *Greene*, to apply that same standard to the requirement that the State "establish that intoxicating liquor or drugs were involved." 154 Wn.2d at 728.

Because involvement of alcohol or drugs is an essential element of first degree negligent driving, the State in *Greene* needed to prove only the existence of the prior offense. 154 Wn.2d at 728. But because the involvement of alcohol or drugs was not an essential element in Mullen's prior reckless driving conviction, Mullen argues that the State must prove both the existence of the prior offense and the fact of alcohol or drug involvement.

c. APPLICATION

Because Mullen's reckless driving conviction was originally charged as a DUI, it may be a qualifying prior offense to elevate misdemeanor DUI to a felony. RCW 46.61.5055(14)(a)(x). But a person is guilty of reckless driving when he "drives any vehicle in willful or wanton disregard for the safety of persons or property." RCW 46.61.500(1). Therefore, a person may be guilty of reckless driving even if he is not engaged in an activity that involves alcohol or drugs. In contrast, a person is guilty of first degree negligent driving, the prior offense at issue in *Greene*, when "he or she operates a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property, and exhibits the effects of having consumed liquor or marijuana or any drug." RCW 46.61.5249(1)(a). A person may not be guilty of first degree negligent driving unless he is under the influence of alcohol or drugs.

As in *Greene*, the State must prove that Mullen's reckless driving conviction involved alcohol or drugs in order to satisfy his due process rights. *See* 154 Wn.2d at 728. The difference

11

in Mullen's case is that the State cannot prove that alcohol or drugs were involved merely by virtue of his conviction for reckless driving. The *Greene* court was clear when it held that the legislature intended only for prior offenses that involved alcohol or drugs to be used to support a felony DUI conviction. *See* 154 Wn.2d at 727. In Mullen's case, however, the trial court ignored this legislative intent. Instead, Mullen's reckless driving conviction was used to elevate misdemeanor DUI to a felony without a determination beyond a reasonable doubt that alcohol or drugs were involved. Because Mullen could not be charged with felony DUI unless his prior conviction involved alcohol or drugs, it is an essential element that must be proven to a jury beyond a reasonable doubt. *Roswell*, 165 Wn.2d at 194.

d. THE STATE'S ARGUMENTS

We now turn to the State's arguments to the contrary. The State argues that the statute and *Greene* only require it to produce the docket sheet confirming that Mullen was originally charged with a DUI and that he pleaded guilty to reckless driving. The State also argues that the docket and the entry in the docket for "Motion to Suppress [blood/breath alcohol concentration] BAC"[5] are sufficient evidence for the trial court to determine that the prior offense was alcohol or drug related under its reading of *Greene*. We disagree.

This argument is misplaced for three reasons. First, it ignores the *Greene* court's reasoning in overruling *Shaffer*. The court overruled *Shaffer* because it disagreed that the felony DUI statute required the State to prove the underlying DUI. *Greene*, 154 Wn.2d at 727. The court held that the legislature sought to apply felony DUI only to those defendants who were convicted of multiple

---

[5] "BAC" refers to a test for blood alcohol content. In this case, this was a breath test.

alcohol- or drug-related offenses. *Greene*, 154 Wn.2d at 727-28. The way to accomplish this is to prove that alcohol or drugs were involved in the prior offense and does not require the State to reprove the offense.

Second, the State's argument is misguided because if the *Greene* court sought merely to require the State to prove that (1) the prior conviction existed and (2) the prior conviction was originally charged as a DUI, the *Greene* court could have relied solely on the language of the statute. *See* RCW 46.61.5055(14)(a)(x). Instead *Greene* states that due process requires the State to "establish" that alcohol or drugs were involved. 154 Wn.2d at 728.

Finally, the State's argument ignores the fact that the defendant in *Greene* pleaded guilty to first degree negligent driving and that alcohol or drugs are an essential element of that offense. RCW 46.61.5249; *see also* 154 Wn.2d at 728. This is an important difference from Mullen's case because Greene was convicted beyond a reasonable doubt of an alcohol- or drug-related offense. Mullen, in contrast, pleaded guilty to a nonalcohol- or drug-related prior offense, reckless driving, which the State now seeks to use to convict him of a more serious alcohol- or drug-related offense.

The State also relies on *Chambers*. But we distinguish *Chambers* from this case because in *Chambers* the defendant argued that a California DUI conviction was not "equivalent" to a Washington DUI conviction and, thus, should not qualify as a prior offense. 157 Wn. App. at 474-77.

In *Chambers*, Division One of this court held that while it is for the jury to decide whether the prior offenses happened, whether two statutes were equivalent is a "threshold question of law" and not a question of fact for the jury. 157 Wn. App. at 477. It is well settled that whether two similar statutes are legally comparable is for the trial court to determine and, in part, requires the

13

court to decide whether the elements of the offenses at issue are "substantially similar." *See, e.g., State v. Farnsworth*, 133 Wn. App. 1, 17-18, 130 P.3d 389 (2006), *remanded*, 159 Wn.2d 1004 (2007); *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005); *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998). Whether alcohol or drugs was involved in Mullen's prior offense is distinguishable from a comparison between the elements of a California and Washington DUI. Here, we are not comparing elements of two offenses. But instead determining whether a fact that is used to elevate a crime from a misdemeanor to a felony, and thereby increasing the penalty, is an essential element of the felony crime. This is a factual determination more like the existence of a prior offense and not a legal question. Therefore, *Chambers* is inapplicable.[6]

## C. CONCLUSION

In sum, in order to elevate a misdemeanor DUI to a felony DUI, the State must prove the existence of the prior conviction beyond a reasonable doubt, and to satisfy due process, it must also establish that alcohol or drugs were involved in that prior conviction. Where the involvement of alcohol or drugs is not an essential element of the qualifying prior offense, like in reckless driving, the State has the burden to establish that alcohol or drugs were involved because the

---

[6] The State and the dissent also rely on *State v. Chandler*, 158 Wn. App. 1, 6-8, 240 P.3d 159 (2010), where we held that if the judgment and sentence are not available, the docket sheets are sufficient to prove the existence of the conviction. This case is not relevant. Mullen does not argue that the docket sheets are insufficient to prove the existence of the conviction. He argues only that the docket sheets here are insufficient to prove the prior offense was alcohol- or drug-related as a matter of law. We agree with Mullen that the docket sheet is sufficient to prove the existence of a prior conviction, but it is insufficient to prove the conviction was alcohol or drug related.

legislature intended only for alcohol- or drug-related convictions to be used to elevate misdemeanor DUI to a felony. *See Greene*, 154 Wn.2d at 728.

Because we hold that the involvement of alcohol or drugs in the prior offense is an essential element of felony DUI, due process requires that it be tried to a jury and proven beyond a reasonable doubt. Accordingly, we conclude that the trial court violated Mullen's due process rights when it declined to give the jury Mullen's proposed instruction. We, therefore, reverse Mullen's conviction for felony DUI and remand to the trial court for entry of a misdemeanor DUI conviction.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

## ADDITIONAL FACTS

At trial, Trooper Roberts and Joseph Templeton, a supervisor at the Washington State Department of Licensing (DOL), testified for the State. Trooper Roberts testified that he had conducted a records check during Mullen's arrest and that he had learned from a dispatcher that Mullen's driver's license was "in a revoked status, revoked second degree." RP (June 13, 2013) at 15. The trial court overruled Mullen's hearsay objection to this testimony. During Templeton's testimony, the State offered Mullen's abstract of complete driving record (ACDR) as exhibit 9. Templeton testified that based on the ACDR, Mullen's driver's license was in a second degree revoked status in March 2013.

As evidence of the felony DUI, the State offered copies of the judgment and sentence for three of Mullen's prior offenses. Because the Chelan County District Court had destroyed its

15

records of Mullen's 2008 reckless driving conviction, the State offered a docket as the only documentary evidence of that prior offense. This docket states that Mullen was originally charged with DUI and that he was found guilty of reckless driving. It also noted that Mullen filed a "Motion to Suppress BAC." CP at 18.

Mullen did not call any witnesses. In closing argument, Mullen argued that he was "entitled to the benefit of the doubt in this case." RP (June 17, 2013) at 133. In an attempt to clarify the law in rebuttal, the prosecutor stated, "Counsel stated the benefit of the doubt to Mr. Mullen. It's reasonable doubt. It's not the benefit of the doubt. You are to apply the law and the instructions as given to you. A reasonable doubt, as it states in the instructions, is a doubt for which a reason exists." RP (June 17, 2013) at 146. Mullen did not object contemporaneous with this explanation of the burden of proof. After closing arguments, however, Mullen moved for a mistrial because of "cumulative issues" including the prosecutor's comment which he claimed misstated the burden of proof. The prosecutor conceded that his comment may have been improper and suggested a curative instruction, but the trial court declined to give further instructions and denied the mistrial motion.

## ADDITIONAL ANALYSIS

### I. THE CONFRONTATION CLAUSE

Mullen argues that his confrontation clause rights were violated when the trial court admitted (1) a certified ACDR and (2) Trooper Roberts's testimony regarding a records check on the night of Mullen's arrest. Even assuming a confrontation clause violation, any error is harmless beyond a reasonable doubt. We hold that Mullen's confrontation clause argument fails and affirm his second degree DWLS conviction.

## A. STANDARD OF REVIEW AND RULES OF LAW

Under the Sixth Amendment to the United States Constitution, criminal defendants have the right to confront or cross-examine those who offer testimony against them. U.S. CONST. amend. VI; *State v. Jasper*, 174 Wn.2d 96, 109, 271 P.3d 876 (2012). The right to confrontation means that the defendant must have the opportunity to confront those who "'bear testimony.'" *Jasper*, 174 Wn.2d at 109 (internal quotation marks omitted) (quoting *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)). We review an alleged confrontation clause violation de novo. *Jasper*, 174 Wn.2d at 108. Where there is a confrontation clause violation, we review for harmless error. *Jasper*, 174 Wn.2d at 108. This puts the burden on the State to show beyond a reasonable doubt that the error did not contribute to the verdict. *Jasper*, 174 Wn.2d at 117.

## B. DISCUSSION

Here, the State's evidence to support Mullen's conviction for DWLS was based on Templeton's testimony, supported by the ACDR, and Trooper Roberts's brief testimony that the dispatcher told him Mullen's driving status was suspended or revoked. Mullen's ACDR includes the "Status" of his driver's license on the day that the ACDR was printed, but it was not accompanied by an opinion as to the status of his license on the day he was arrested. The State, here, relied on Templeton's interpretation of the ACDR for that information.

At trial, the State asked Templeton, "Sir, can you tell me whether you know what Mr. Patrick Joseph Mullen's driver's license status was on March 2, 2013 [the day of his arrest?]" RP (June 13, 2013) at 48. Templeton replied that "[h]e was revoked in the second degree, as I read

this . . . due to an Admin Per Se." RP (June 13, 2013) at 49. Mullen had ample opportunity to cross-examine Templeton and took full advantage of that opportunity.

In a recent decision, Division One of this court upheld a defendant's conviction for first degree DWLS. *State v. Mecham*, 181 Wn. App. 932, 948-51, 331 P.3d 80, *review granted*, 337 P.3d 325 (2014). At trial, a DOL employee testified about the defendant's revocation and that he was a habitual offender. *Mecham*, 181 Wn. App. at 940. As in *Mecham*, the ACDR here did not provide the essential fact to be proven at trial—that Mullen's license was suspended or revoked on March 2, 2013. In order to be guilty of second degree DWLS, a person must be (1) driving his car while (2) his license is suspended or revoked and not eligible for reinstatement. RCW 46.20.342(1)(b). Trooper Roberts's testimony established that Mullen was driving his car, and Templeton's testimony interpreting the ACDR, not the ACDR itself, established that Mullen's license was revoked on the day of his arrest.

Even if the trial court erred when it admitted Trooper Roberts's testimony regarding the dispatcher's records check, Mullen's claim does not survive a harmless error analysis. *See Jasper*, 174 Wn.2d at 108. It is clear from the State's closing argument that it rested its argument for the DWLS charge on the ACDR and on Templeton's testimony. Trooper Roberts's testimony regarding the records check was brief and merely cumulative to Templeton's testimony.

Because Templeton's testimony established Mullen's driver's license status on the day he was arrested for DUI, any error in admitting the ACDR or Trooper Roberts's brief testimony was harmless beyond a reasonable doubt. Thus, Mullen's confrontation clause argument fails, and we affirm his conviction for second degree DWLS.

## II. PROSECUTORIAL MISCONDUCT

Mullen next argues that the State committed prejudicial misconduct that requires reversal when it argued that the beyond a reasonable doubt standard does not mean that Mullen should get "the benefit of the doubt" and that the trial court should have attempted to cure with an instruction. Even if we assume without deciding that the comments were improper, Mullen must show there was a substantial likelihood that the State's comments affected the verdict. *State v. Emery*, 174 Wn.2d 741, 760, 278 P.3d 653 (2012). Because Mullen fails to demonstrate a substantial likelihood that the comment affected the verdict, his prosecutorial misconduct claim fails.

### A. STANDARD OF REVIEW AND RULES OF LAW

In order to prevail on a claim of prosecutorial misconduct, the defendant carries the burden of demonstrating that the prosecutor's comments were improper and that the comments were prejudicial. *Emery*, 174 Wn.2d at 760. We review a prosecutor's allegedly improper comments in the context of the total argument, the issues in the case, the evidence presented, and the instructions given. *State v. Yates*, 161 Wn.2d 714, 774, 168 P.3d 359 (2007), *cert. denied*, 554 U.S. 922 (2008); *State v. Russell*, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994), *cert. denied*, 514 U.S. 1129 (1995). If the comments were improper and the defendant objected, we must consider whether there was a substantial likelihood that the statements affected the jury's verdict. *Emery*, 174 Wn.2d at 760. If the defendant failed to object during the closing argument, he must show that the comment was so flagrant or ill intentioned that an instruction could not have cured the prejudice. *Emery*, 174 Wn.2d 760-61.

## B. Discussion

Here, Mullen did not immediately object to the State's comment about the reasonable doubt standard during closing argument but waited to make a motion for a new trial based on cumulative error, including the prosecutor's arguably improper reasonable doubt comment. The trial court denied his motion for a mistrial and declined to give a curative instruction regarding reasonable doubt. Because the court declined to give a curative instruction, it is reasonable that we apply the less onerous "substantial likelihood that the statements affected the jury" standard.

Mullen contends that because our Supreme Court in *State v. Warren*, 165 Wn.2d 17, 28, 195 P.3d 940 (2008), *cert. denied*, 556 U.S. 1192 (2009), was prepared to reverse based on similar comments if a curative instruction had not been given, reversal is appropriate here where the trial court declined to give further instructions. We hold that Mullen has failed to prove the required prejudice.

In *Warren*, the court held that the prosecutor's comments were flagrant because she made the same misstatement multiple times. 165 Wn.2d at 27. Despite the defendant's objection after the first misstatement, the prosecutor misstated the burden of proof again, and after the defendant's second objection, the trial court orally instructed the jury on the appropriate standard and directed it to review the packet of jury instructions. *Warren*, 165 Wn.2d at 24-25. The facts here are distinguishable from the facts in *Warren* because Mullen did not object during rebuttal and the prosecutor did not make multiple misstatements over Mullen's objection. Unlike in *Warren*, the prosecutor here did not attempt to undermine the State's burden of proof. In *Warren*, the court held that the prosecutor's repeated misstatements of the burden of proof was flagrant misconduct, a holding that the facts here do not support. 165 Wn.2d at 27.

20

Mullen's argument also ignores the appropriate standard of review: we are to review this comment in the context of the total argument, the evidence, and the facts. *Warren*, 165 Wn.2d at 28 (citing *Yates*, 161 Wn.2d at 774). The context here demonstrates that the prosecutor did not attempt to undermine the State's burden of proof or to mislead the jury. Immediately after his misstatement of the burden of proof, the prosecutor stated that "[y]ou are to apply the law and the instructions as given to you. A reasonable doubt, as it states in the instructions, is a doubt for which a reason exists." RP (June 17, 2013) at 146. Based on the prosecutor's argument both before and after his misstatement, Mullen has not carried his burden to prove a substantial likelihood that the statements affected the jury. The prosecutor made just one arguably improper statement, and Mullen has failed to provide any argument or citations to the record apart from conclusory statements that suggest that, in the context of the total argument, there is a "substantial likelihood that the statements affected" the verdict here. Thus, Mullen's prosecutorial misconduct argument fails.

### III. STATEMENTS OF ADDITIONAL GROUNDS

### THE OTHER PATRICK MULLEN AND BAIL

In his first and second SAG issues, Mullen argues that because of another pending case against a different Patrick Mullen, he did not get a fair trial and unconstitutional bail was ordered. At trial, Mullen asked Templeton several questions to see if Mullen's driving records were confused with another Patrick Mullen. But apart from his suggestions, Mullen provides no evidence to demonstrate that a second Patrick Mullen actually existed or was charged with vehicular homicide. Nor does he argue why the trial was unfair to him. On this record, we hold

21

No. 45013-5-II

that Mullen suffered no unfairness from any confusion about a different Patrick Mullen and deny this claim.

Mullen next argues that the trial court ordered an unreasonable bail at his arraignment. But a bail order is not a final order subject to review by this court. RAP 2.2(a)(1).

Mullen's third and fourth SAG issues concern the number of prior offenses to support the felony DUI conviction. Because we reverse the felony DUI conviction, we need not reach his concern about the prior offenses. Moreover, sufficient evidence exists on the record to establish the existence of his four prior offenses: a judgment and sentence for three and the docket for the reckless driving conviction. Each of these was presented to the jury. The docket is sufficient to establish the existence of a prior conviction where the judgment and sentence is unavailable. *State v. Chandler*, 158 Wn. App. 1, 6-8, 240 P.3d 159 (2010).

Accordingly, we reverse Mullen's felony DUI conviction, remand for the trial court to enter a misdemeanor DUI conviction, and affirm his second degree DWLS conviction.

Johanson, C.J.
JOHANSON, C.J.

I concur:

Bjorgen, J.
BJORGEN, J.

22

No. 45013-5-II

MELNICK, J. (Concurring in part, Dissenting in part) — I, like the majority, would affirm Patrick Joseph Mullen's conviction for driving while license suspended or revoked in the second degree. However, I respectfully dissent with the majority's result reversing Mullen's conviction for felony driving under the influence (DUI). I would affirm this conviction. I agree with the majority's determination that proof of a prior conviction is an element of the crime that must be proven beyond a reasonable doubt when it alters the crime charged from a misdemeanor or gross misdemeanor to a felony. *See State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). However, I disagree with the majority's conclusion that the determination of whether Mullen's prior reckless driving conviction involved alcohol is a question of fact for the jury to decide.

I.   PRIOR CONVICTION DETERMINED BY JUDGE

The penalties for the crime of DUI may be increased if the defendant has certain prior offenses. Here, the State's allegation that Mullen had four or more prior offenses within ten years elevated his DUI to a felony.[7] At issue here is Mullen's 2008 conviction for reckless driving.[8] This crime had originally been filed as a DUI. Because the original charging document, judgment and sentence, plea of guilty, and other documents had been destroyed, the State presented proof of the conviction through a certified court docket sheet. The docket sheet showed entries for both a motion to suppress a "breath test" and a motion to suppress the conditions of Mullen's sentence relating to alcohol. These conditions included the installation of

---

[7] RCW 46.61.502(6)(a).

[8] RCW 46.61.500. The legislature amended RCW 46.61.500 in 2011 and 2012. LAWS OF 2011, ch. 96 § 34; LAWS OF 2012, ch. 183 § 11. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

23

an ignition interlock device, a prohibition on using alcohol or drugs, attendance at a DUI victim's panel, and completion of an alcohol assessment. The State argued that because the reckless driving conviction had originally been charged as a DUI and there were other indicia of alcohol use, the reckless driving must have involved intoxicating liquor or drugs. The trial court agreed.

As applicable to this case, "'prior offense' means . . . A conviction for a violation of RCW . . . 46.61.500, . . . if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502." RCW 46.61.5055(14)(a), (x).

In *City of Walla Walla v. Greene*, 154 Wn.2d 722, 116 P.3d 1008 (2005), the court interpreted "prior offense" for purposes of determining mandatory minimum sentences. I believe the same analysis applies here where the same statute defining "prior offense" elevates Mullen's crime to a felony. Our Supreme Court held that it is not enough that the original charge, prior to amendment, was DUI. *Greene*, 154 Wn.2d at 727. "[T]he statute requires the State to establish that a prior driving conviction involved use of intoxicating liquor or drugs. Thus, due process is satisfied for the purposes of this mandatory enhancement if the prior conviction exists and the prosecution can establish that intoxicating liquor or drugs were involved in that prior offense." *Greene*, 154 Wn.2d at 727-28. It reasoned that this interpretation rendered the statute constitutional because, "all elements of that offense are established by virtue of the conviction itself." *Greene*, 154 Wn.2d at 728.

The State asserts that involvement of drugs and alcohol is a threshold question of law and that the trial court had the authority to decide it. I agree and believe the trial court should determine the admissibility of the proffered prior conviction as a question of law. It is not an issue of fact for the jury to decide. The jury should then determine whether the State has proven the predicate offense beyond a reasonable doubt.

While the fact that a person has four prior DUI offenses is an essential element of the crime of felony DUI under RCW 46.61.502(6), that must be proved to the jury beyond a reasonable doubt, whether a prior offense meets the statutory definition in RCW 46.61.5055(13) is not an essential element of the crime. Rather, the question of whether a prior offense meets the statutory definition is a threshold question of law to be decided by the trial court before admitting a prior offense into evidence at trial. *State v. Chambers*, 157 Wn. App. 465, 468, 237 P.3d 352 (2010). Division I of this court reaffirmed the proposition that "whether a prior conviction qualifies as a predicate offense is a threshold question of law for the court, and not an essential element of the crime of felony DUI" in *State v. Cochrane*, 160 Wn. App. 18, 27, 253 P.3d 95 (2011).

Based on the foregoing, I would hold that whether Mullen's reckless driving conviction involved alcohol and thus qualified as a predicate offense is for the judge to decide as a matter of law. Whether the conviction has been proved beyond a reasonable doubt is for a jury to decide. In other words, the jury would decide whether the prior offenses happened.[9]

---

[9] Assuming that the majority's analysis is correct, its remedy is contrary to its reasoning. If a jury is to determine as a matter of fact whether a prior conviction qualifies as a predicate offense, this case should be remanded for a new trial on this issue.

II.    SUFFICIENCY OF PROOF OF PRIOR CONVICTION

We review the trial court's decision to admit evidence for an abuse of discretion. *State v. Demery*, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001). A trial court is given considerable discretion to determine the admissibility of evidence. *Demery*, 144 Wn.2d at 758. However, an abuse of discretion occurs if evidence is admitted contrary to law. *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001). The admissibility of evidence shall be determined by the court. ER 104.

The proof of Mullen's 2008 conviction was sufficiently proven by the State. Generally a certified copy of the judgment and sentence is the best evidence of a conviction. *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002). However, if the State shows why a certified copy of the judgment and sentence is not available, other comparable evidence may be used. *Lopez*, 147 Wn.2d at 519. The State then must show the sentencing court that the comparable evidence bears "'some minimal indicium of reliability *beyond mere allegation.*'" *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009) (quoting *State v. Ford*, 137 Wn.2d 472, 481, 973 P.2d 452 (1999)) (emphasis in original). The use of court dockets to prove a defendant has been previously convicted is proper. *State v. Vickers*, 148 Wn.2d 91, 120, 59 P.3d 58 (2002); *State v. Blunt*, 118 Wn. App. 1, 8-9, 71 P.3d 657 (2003). In *State v. Chandler*, 158 Wn. App. 1, 240 P.3d 159 (2010), the State provided certified copies of docket sheets from various district and municipal courts in Washington. We found these sheets were reliable. I do not believe the trial court abused its discretion in admitting the prior conviction.

26

No. 45013-5-II

Because I disagree with the majority's conclusion that the determination of whether Mullen's prior reckless driving conviction involved alcohol and, thus, qualifies as a predicate offense, as opposed to whether the prior conviction occurred, is a question of fact for the jury to decide, the constitutional issue is removed from consideration. I believe the decision whether to admit prior convictions for the jury to consider is within the province of the trial court and it is for the jury to determine if the prior convictions have been proven.

For the reasons stated above, I respectfully dissent.

MELNICK, J.