[No. 48372-2-I.    Division One.    October 14, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. DAVID SHAFFER, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Deborah A. Dwyer, Deputy,* for appellant.

*John Henry Browne* (of *Browne & Resler*) and *Rita J. Griffith,* for respondent.

Cox, J. — The Sentencing Reform Act of 1981 (SRA) requires a mandatory sentencing enhancement for convictions of vehicular homicide committed while one is under the influence of alcohol or drugs.[1] A predicate for the enhancement is "[a] conviction for [reckless driving], if the conviction is the result of a charge that was originally filed as [driving under the influence]."[2] May the SRA constitutionally require the enhancement where the predicate is based, in part, on a mere charge of DUI (driving under the influence)? We hold that the statute, RCW 46.61.5055(11)(a)(v), that imposes such an enhancement based on a mere charge of DUI violates due process and is unconstitutional. Accordingly, we affirm the trial court's ruling vacating the enhancement and sentencing David Shaffer to the top end of the standard range.

The facts are undisputed. In January 2000, Shaffer was driving a motor vehicle while under the influence of alcohol. His vehicle crossed the center line, collided with another vehicle, and fatally injured that vehicle's driver. Shaffer's blood alcohol level was 0.3 grams/100 milliliters, which exceeds the legal limit.[3]

---

[1] RCW 46.61.520(2).

[2] RCW 46.61.5055(11)(a)(v).

[3] RCW 46.61.502(1)(a).

The State charged him with vehicular homicide and also alleged that he had a prior conviction for DUI. Shaffer pleaded guilty to the charge as part of a plea agreement.

Based on their then understanding of Shaffer's criminal history, the parties agreed Shaffer's standard range was 31-41 months. They also agreed a mandatory enhancement of 24 months applied based on a 1987 case that was charged as a DUI. Apparently, neither party understood at the time of these discussions that, despite the DUI charge, Shaffer's conviction in that case was actually for reckless driving, a different offense.

Shaffer agreed not to ask for a sentence below the total agreed range of 55-65 months for his current conviction. The State recommended 60 months, and the trial court imposed that sentence, which includes the two-year enhancement.

Shaffer timely appealed. While his appeal was pending, he moved in the trial court to vacate the 24-month sentence enhancement. Based on that motion, this court dismissed without prejudice Shaffer's appeal.

Thereafter, the trial court granted Shaffer's motion and vacated the 24-month enhancement. It did so solely on due process grounds and imposed a sentence near the top end of the standard range.[4] The court rejected Shaffer's other arguments.

The State appeals. Shaffer cross-appeals.

## Due Process

The State argues the trial court improperly vacated, on due process grounds, Shaffer's two-year sentence enhancement. We hold the statute that mandates an enhancement based on an unproven original charge of DUI violates due process and is unconstitutional.

---

[4] Former RCW 9.94A.310 (2000) (recodified as § 9.94A.510 by LAWS OF 2001, ch. 10, § 6).

■ We review for abuse of discretion a trial court's decision on a motion to vacate a judgment.[5] An abuse of discretion exists when the trial court's exercise of discretion is manifestly unreasonable or based upon untenable grounds or reasons.[6] The range of discretionary choices is a question of law, and the court abuses its discretion if the discretionary decision is contrary to law.[7]

■ Subject only to the constraints of the constitution, the legislature may define and punish criminal conduct.[8] The constitutionality of a statute is a question of law that requires de novo review.[9] A statute is presumed constitutional, and the party challenging it has the burden of proving beyond a reasonable doubt that it is unconstitutional.[10]

Former RCW 9.94A.310(7) (2000) provides:

> An additional two years shall be added to the standard sentence range for vehicular homicide committed while under the influence of intoxicating liquor or any drug . . . for each prior offense [of driving under the influence].[11]

RCW 46.61.5055(11) defines "prior offense," and provides in subsection (a)(v):

> A conviction for a violation of . . . [reckless driving] or an equivalent local ordinance, *if the conviction is the result of a charge that was originally filed as a violation of [DUI] . . . or an equivalent local ordinance* . . . .[12]

---

[5] *State v. Hardesty*, 129 Wn.2d 303, 317, 915 P.2d 1080 (1996).

[6] *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

[7] *Neal*, 144 Wn.2d at 609.

[8] *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 172, 12 P.3d 603 (2000).

[9] *State v. Shultz*, 138 Wn.2d 638, 643, 980 P.2d 1265 (1999), *cert. denied*, 529 U.S. 1066 (2000).

[10] *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994).

[11] Recodified as RCW 9.94A.510(7) by Laws of 2001, ch. 10, § 6.

[12] (Emphasis added.)

A conviction of reckless driving[13] or an equivalent local ordinance is one of the predicates for enhancement. The other is the conviction must result from an original charge of DUI. The statute also specifies other convictions resulting from certain original charges that may serve as predicates for enhancements.[14]

The State does not dispute that the record shows the 1987 DUI charge against Shaffer was neither proven nor admitted by Shaffer. Likewise, the State does not dispute that the record establishes the DUI charge resulted in a conviction for reckless driving, a separate offense from DUI.

Shaffer argues the due process principles stated in *In re Winship*[15] apply here and bar the imposition of the two-year enhancement the statutes prescribe. We agree.

■■■ Whether a sentencing enhancement may be imposed on the basis of a statutory predicate that relies, in part, on an unproven charge is an issue of first impression. Neither party to this case could point to any similar statute either in this jurisdiction or elsewhere. Moreover, we could not find any case addressing this precise issue.

Nevertheless, we believe the principles stated in *Winship* control here. In that case, the United States Supreme Court held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."[16] This requirement is necessary to

---

[13] RCW 46.61.500.

[14] The other convictions that may serve, in part, as the predicates for enhancement are negligent driving in the first degree (RCW 46.61.5249) or reckless endangerment (RCW 9A.36.050) or the equivalent local ordinances of either. The original charges that result in the stated convictions that may serve as the other part of the predicates for enhancement are driving under the influence (RCW 46.61.502) or physical control of vehicle under the influence (RCW 46.61.504) or an equivalent local ordinance or of vehicular homicide (RCW 46.61.520) or vehicular assault (RCW 46.61.522).

[15] 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

[16] *Winship*, 397 U.S. at 364.

" 'safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.' "[17]

While that case involved convictions, not a sentencing enhancement, the due process principles underlying that decision apply here with equal force. Here, a forfeiture of liberty is at stake because of the mandatory two-year enhancement the statutes require. The predicate at issue here is a prior conviction for reckless driving, but only when such a conviction results from a charge originally filed as a DUI offense. Thus, the plain words of the statute prescribe that the enhancement does not apply to all reckless driving convictions, only those that "result [from] a charge that was originally filed as a violation of [DUI] or an equivalent local ordinance."[18]

Presumably, the legislature intended to require the mandatory enhancement for a current offense of vehicular homicide where DUI was involved in the specified prior offense. Regardless of the wisdom of that intent, the statute must meet constitutional muster. There are two interrelated reasons why this statute fails that test.

First, the effect of the statute is to elevate a prior reckless driving conviction to a DUI conviction without *any* proof. This is so because the mandatory enhancement applies only to those prior reckless driving convictions where the charge, but not the conviction, was DUI. The statute's effect is amply demonstrated by the examples utilized by the trial court to explain its ruling.[19]

---

[17] *Winship*, 397 U.S. at 362 (quoting *Brinegar v. United States*, 338 U.S. 160, 174, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949)).

[18] RCW 46.61.5055(11)(a)(v).

[19] The trial court stated several scenarios illustrating various reasons why a prosecutor might decline to pursue the original charge and instead amend the charge to allege a less serious offense:

(1) A diabetic is driving home from a bingo game. The driver has not consumed any alcoholic beverages but did not take her insulin as prescribed, and as a result the driver is hypoglycemic and feels light-headed. While looking for a piece of gum in her purse, the driver swerves and hits a parked car. A patrol car notices and effects a traffic stop, and when the police officer questions the driver, the officer smells what seems to be alcohol on the driver's breath and

Second, because the statute does not require *any* proof of the charge of DUI, it fails to set the minimum constitutional standard required for criminal conviction. That standard is for proof beyond a reasonable doubt.

Because an unproven charge of DUI triggers, in part, a mandatory two years of incarceration as an enhancement and violates due process, we declare that such provision of RCW 46.61.5055(11)(a)(v) is unconstitutional.[20]

The State argues that *Winship* is inapposite here because Shaffer pleaded guilty both to reckless driving and the present charge of vehicular homicide. Thus, the State argues, every element of both crimes was proved beyond a reasonable doubt. According to the State, that is all that *Winship* requires. We disagree.

There is no dispute that Shaffer was guilty of both vehicular homicide and reckless driving. But it is not his prior reckless driving conviction alone that triggers the present two-year sentence enhancement. Rather, it is that conviction, plus the unproven DUI *charge* that resulted in the prior reckless driving conviction that the statute states

---

notes that the driver is skittish, inattentive, and unable to focus. After the driver refuses a Breathalyzer and blood test, the officer charges the driver with DUI. The State later learns from a medical examination that the smell resulted from ketosis. The State amends the charge to reckless driving.

(2) A driver drinks too many wine coolers at a party and then drives home. The driver has little driving experience and no experience driving under the influence. A patrol car notices the driver tailgating and frequently braking and pulls the car over. The officer smells alcohol on the driver's breath and after administering field sobriety tests, the tests show some evidence of being affected by the alcohol. The officer says the driver must take a Breathalyzer test or else the driver's license will be suspended for five years. The driver is scared and takes the test which reveals a BAC [blood alcohol content] of 0.19. The State charges the driver with DUI, but at an evidentiary hearing, the court disallows the use of a Breathalyzer test because the officer misinformed the driver. Uncertain as to whether the results of the field sobriety test will warrant a guilty verdict of DUI, the State amends the charge to reckless driving to which the driver pleads guilty.

[20] Shaffer also cites to *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999) and *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999), but only for the proposition that statutes should be interpreted in a manner that would not threaten the constitutional rights of the accused. They add nothing to the analysis we have already applied here, and we do not discuss them further.

requires a two-year enhancement to the basic sentence for the present vehicular homicide conviction. Without the unproven DUI *charge*, his reckless driving conviction alone would not trigger the two-year sentence enhancement mandated by RCW 46.61.5055(11)(a)(v), RCW 46.61.520(2), and by former RCW 9.94A.310(7).[21] Therein lies the due process violation, as we have explained.

The State also attempts, on appeal, to recast the controlling analysis in terms of equal protection. That does not cure this due process infirmity. These are separate constitutional provisions, and the State provides no authority for the implicit proposition that satisfying equal protection also satisfies due process on the facts of this case.

At oral argument, the State also argued the sentencing conditions imposed for the 1987 reckless driving conviction suggest that alcohol was involved in that case. We assume, for purposes of argument only, that this is true. That fact does not save the statute from its constitutional infirmity. Such a suggestion in the sentencing conditions is constitutionally no different from imposing an enhancement based on a mere charge of DUI. Neither meets the controlling minimum due process standard that there be proof beyond a reasonable doubt before a deprivation of liberty in a criminal proceeding follows. Nor does such a suggestion in the sentencing conditions detract from the fact that the prior conviction was for reckless driving, not DUI, a crime with different elements.

We further note the State has been unable to present any authority to support the proposition that a sentencing enhancement may be based on a mere charge. Our research reveals no such case.[22]

---

[21] Recodified as RCW 9.94A.510 by Laws of 2001, ch. 10, § 6.

[22] For example, under the Persistent Offender Accountability Act (POAA), former RCW 9.94A.030(29) (2000): a "[p]ersistent offender" is an offender who: "(a)(i) Has been convicted in this state of any felony considered a most serious offense; and (ii) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender

Aside from *Winship*, Shaffer also relies on *Apprendi v. New Jersey*[23] to buttress his due process claim. *Apprendi* is distinguishable.

*Apprendi* involved a New Jersey hate crime statute that allowed a judge to enhance a sentence beyond the prescribed statutory maximum.[24] To impose an enhanced sentence, the judge needed only to find by a preponderance of the evidence that the crime the defendant committed was motivated by racial bias.[25] The United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[26] Here, however, the two-year sentence enhancement does not increase the punishment for vehicular homicide beyond the statutory maximum, which is life imprisonment. For these reasons, the case is of no help here.

In *State v. Wheeler*,[27] which Shaffer also cites for support, our state Supreme Court decided the issue of whether "prior convictions used to prove a defendant is a persistent offender must be charged in the information, submitted to a jury, and proved beyond a reasonable doubt."[28] Our Supreme Court held that because prior convictions are sentencing factors and not elements of a crime, they need not be proven beyond a reasonable doubt.[29] "All that is required by the constitution . . . is a sentencing hearing where the

---

score under RCW 9.94A.360 [recodified as RCW 9.94A.525 by Laws of 2001, ch. 10, § 6]; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted."

RCW 9.94A.030(29) was recodified as RCW 9.94A.030(32).

[23] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[24] *Apprendi*, 530 U.S. at 470.

[25] *Apprendi*, 530 U.S. at 471.

[26] *Apprendi*, 530 U.S. at 490.

[27] 145 Wn.2d 116, 34 P.3d 799 (2001), *cert. denied*, 535 U.S. 996 (2002).

[28] *Wheeler*, 145 Wn.2d at 117.

[29] *Wheeler*, 145 Wn.2d at 120-21.

trial judge decides by a preponderance of the evidence whether the prior convictions exist."[30] *Wheeler*, however, does not apply here because it is Shaffer's DUI charge that needs to be proven by a certain standard, not his reckless driving conviction.

Because the sentence enhancement deprives Shaffer of his liberty based on an unproven allegation of DUI in a criminal case resulting in a reckless driving conviction, we hold that the statute is unconstitutional and violates Shaffer's due process rights.

We affirm the judgment and resentencing.

The remainder of this opinion has no precedential value and will not be published.

BECKER, C.J., and SCHINDLER, J., concur.