[No. 31206-9-II. Division Two. January 11, 2005.]

THE CITY OF BREMERTON, *Respondent*, v. LEDELL TUCKER, *Petitioner*.

---

*Eric M. Fong* (of *Rovang Fong & Associates*), for petitioner.

*Russell D. Hauge, Prosecuting Attorney,* and *Kenneth W. Bagwell, Deputy,* for respondent.

¶1 HUNT, J. — Ledell Tucker appeals his mandatory, statutory minimum sentence enhancement for driving-under-the-influence (DUI), based on a prior deferred DUI prosecution. He argues that the sentence enhancement violates due process because it relieves the State of its burden to prove all criminal conduct beyond a reasonable doubt. Holding that the DUI sentence-enhancement statute does not violate due process, we affirm.

## FACTS

### I. FIRST DUI—DEFERRED PROSECUTION

¶2 In 1996, Ledell Tucker requested and received a deferred prosecution for DUI in Kitsap County District Court. As a condition of his deferred prosecution, he stipulated to facts in the police report and admitted he had been driving while under the influence of alcohol as follows: "I had consumed intoxicants on this occasion and at the time of driving my vehicle, my ability to drive was impaired and I was under the influence of the intoxicant." Clerk's Papers (CP) at 24. He also stipulated to admission of police reports and statements showing that he had failed a field sobriety

test, registered a 0.211 on a Portable Breath Test, and exhibited explicit signs of intoxication.

¶3 In 1999, after finding that Tucker had successfully completed the deferred prosecution conditions, the district court dismissed his DUI charge, entering no conviction on his record.

## II. Second DUI—Plea and Sentence Enhancement

¶4 On November 8, 2002, the city of Bremerton charged Tucker with another DUI, accompanied by a special enhanced sentence allegation based on his refusal to take a breathalyzer test. Tucker pled guilty as charged. The municipal court imposed the mandatory minimum sentence for a DUI offender with one "prior offense,"[1] based on Tucker's previous deferred DUI prosecution, under RCW 46.61-.5055.[2] Tucker appealed to Kitsap County Superior Court, which affirmed.

¶5 Tucker next sought discretionary review by the Washington Supreme Court. The Supreme Court granted review and transferred the case to us to review whether RCW 46.61.5055 violates due process by increasing the mandatory minimum DUI sentence based on a successfully completed, prior deferred prosecution, thereby relieving the State of its burden to prove all criminal conduct beyond a reasonable doubt. We find no due process violation inherent in this sentencing procedure.

## ANALYSIS

¶6 Tucker argues that former RCW 46.61.5055(11)(a)-(vii) (2002), which counts deferred DUI prosecutions as prior offenses, violates due process by imposing a mandatory sentence enhancement based on an unproved charge,

---

[1] As defined in former RCW 46.61.5055(11)(a)(vii) (2002).

[2] The municipal court sentenced Tucker to 45 days in jail, 90 days home detention, and five years probation, and it imposed $1,405 in fines.

namely his 1996 dismissed, deferred DUI prosecution in Kitsap County District Court. We disagree.

## I. Standard of Review

¶7 Whether a statute is constitutional is a question of law, which we review de novo. *State v. Shultz*, 138 Wn.2d 638, 643, 980 P.2d 1265 (1999). We presume a statute to be constitutional. Thus, Tucker has the burden of proving the statute unconstitutional beyond a reasonable doubt. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). He fails to meet this burden here.

## II. Due Process

¶8 "Due process requires fair notice of proscribed criminal conduct and standards to prevent arbitrary enforcement." *City of Richland v. Michel*, 89 Wn. App. 764, 770, 950 P.2d 10 (1998). We hold that (1) the deferred prosecution statute, chapter 10.05 RCW, and the DUI sentence enhancement statute, former RCW 46.61.5055 (11)(a)(vii) (2002), provide fair notice of both the proscribed conduct and the corresponding penalties; (2) there is no evidence of arbitrary enforcement here; and (3) former RCW 46.61.5055 (11)(a)(vii) is constitutional.

### A. The Legislature's Mandate

¶9 Our legislature has mandated that if a person convicted of DUI has had a "prior offense" within the previous seven years, the trial court must impose a higher minimum sentence for a new DUI conviction than it would impose for a person with no prior DUI offenses. For a first DUI conviction, RCW 46.61.5055(1)(b) mandates a minimum $500 fine and 2 days in jail, or 30 days of electronic home monitoring.[3]

---

[3] RCW 46.61.5055(1)(b)(i) provides: "In lieu of the mandatory minimum term of imprisonment required under this subsection (1)(b)(i), the court may order not less than thirty days of electronic home monitoring."

¶10 For a second DUI offense, however, RCW 46-.61.5055(2)(b) mandates a minimum $750 fine and 45 days in jail, plus 90 days of electronic home monitoring. By statute, a "prior offense" includes "[a] deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance." Former RCW 46.61.5055(11)(a)(vii). This statutory definition of a "prior offense" includes Tucker's 1996 deferred DUI prosecution.

## B. Deferred DUI Prosecution

¶11 Tucker argues that former RCW 46.61.5055(11)(a)-(vii) improperly allows the State to use an unproved charge for which he was never convicted, namely a prior DUI charge dismissed following a deferred prosecution, as the predicate for an enhanced sentence for a subsequent DUI. He relies heavily on *State v. Shaffer*, 113 Wn. App. 812, 55 P.3d 668 (2002), in which Division One of our court held a different section of the statute, former RCW 46.-.61.5055(11)(a)(v) (2002), unconstitutional. In so holding, the *Shaffer* court reasoned that former RCW 46.61.5055-(11)(a)(v) mandated a sentence enhancement for a vehicular homicide conviction based on a prior DUI charge that had been reduced to reckless driving and, therefore, lacked DUI proof.[4] *Shaffer*, 113 Wn. App. at 822. The statute and facts at issue here, however, differ significantly. Thus, *Shaffer* does not apply.

¶12 First, *Shaffer* did not involve a prior deferred DUI prosecution under chapter 10.05 RCW, the statute at issue here. Second, the constitutional flaw highlighted in *Shaffer* was not merely the lack of a prior DUI conviction supported by the State's proof, but also the lack of an

---

[4] For vehicular homicide sentence enhancement purposes, former RCW 46.61.5055(11)(a)(v) allowed the State to elevate a prior reckless driving conviction to a DUI conviction if the reckless driving had originally been charged as a DUI. The *Shaffer* court held that the statute's failure to require any proof of the prior DUI charge allowed a conviction without proof beyond a reasonable doubt by the State. *Shaffer*, 113 Wn. App. at 818-19. But such is not the case here.

admission by Shaffer that he had committed a prior DUI.[5] In contrast, Tucker's prior DUI charge was not reduced to reckless driving, and he admitted having committed DUI. When Tucker accepted the State's offer of a deferred DUI prosecution, he admitted on the record under oath that he had driven under the influence of alcohol.[6] His admission to having committed the charged DUI was a prerequisite to the State's granting him a deferred prosecution.[7]

¶13 Tucker misconstrues the legislature's purpose in providing the opportunity for deferred DUI prosecution:

> Deferred prosecution is *designed to encourage treatment* of *culpable* people whose conduct is caused by a treatable condition, like alcoholism. Such people are given an opportunity to avoid conviction if they successfully complete treatment. Deferred prosecution is not equivalent to a guilty plea or a conviction. It is a form of preconviction sentencing or probation under which an accused must allege under oath that the culpable conduct charged is the result of alcoholism, drug addiction or mental problems. *The accused* must execute a statement that acknowledges his or her rights, *stipulates to the admissibility and sufficiency of the facts in the police report,* and acknowledges that the statement will be entered and *used to support a finding of guilt* if the deferred prosecution is revoked.

*City of Kent v. Jenkins,* 99 Wn. App. 287, 289-90, 992 P.2d 1045, *review denied,* 141 Wn.2d 1007 (2000) (emphasis added) (footnotes omitted); *see also,* RCW 10.05.020. Conversely, if the accused refuses to admit guilt or professes innocence, "the court will not accept a petition for deferred prosecution." RCW 10.05.020(3).

■ ¶14 Third, as part of the deferred prosecution process, Tucker received fair notice "that an enhanced sentence was a consequence of his [deferred prosecution] agreement"

---

[5] Shaffer had been convicted of only the lesser charge of reckless driving. *Shaffer,* 113 Wn. App. at 817.

[6] The trial court expressly found that Tucker's statements were knowing and voluntary.

[7] Conversely, he would not have qualified for deferred prosecution if he had maintained that he was not guilty of the charged DUI. *See* RCW 10.05.020(3), discussed *infra.*

if he committed another DUI.[8] *Michel*, 89 Wn. App at 770. Tucker knew the deferred prosecution offered him an opportunity for alcohol treatment, in hopes of preventing further DUI violations, and for a DUI-conviction-free record. Tucker also knew, however, that in spite of his treatment, if he drove again while under the influence, his penalty for the new DUI would be more severe than it would have been had the new DUI been his first offense.

¶15 We hold that Tucker has failed to show lack of notice or any due process violation when the trial court used his prior deferred DUI prosecution to enhance his sentence under former RCW 46.61.5055(11)(a)(vii).

## C. Constitutionality of Statute

¶16 Division Three of our court addressed a similar constitutional challenge to the same statutory subsection in *Michel*. 89 Wn. App at 769-70. Michel argued that former RCW 46.61.5055(8)(a)(vii) (1996) (1) denied him due process[9] in failing to warn that a deferred DUI prosecution could be used for sentencing enhancement at a later time and (2) violated equal protection[10] by treating a DUI charge dismissed after successful completion of deferred prosecution the same as a DUI conviction. *Michel*, 89 Wn. App. at 769-70. The court held that the legislature's inclusion of a deferred prosecution as a "prior offense" did not violate due process or equal protection. *Michel*, 89 Wn. App. at 770, 772.

---

[8] We recognize that in *Michel*, former RCW 10.05.120 (1992) specifically provided that a sentencing court can consider prior deferred prosecutions for enhancement purposes. *Michel*, 89 Wn. App at 769. Though the amended version of chapter 10.05 RCW in effect at the time of Tucker's deferred prosecution did not specifically warn of the possibility of an enhanced sentence, former RCW 46.61.5055(11)(a)(vii) specifically contemplated such a result. Furthermore, in holding that Michel received fair notice that an enhanced sentence was a consequence of deferred prosecution, the court reasoned, "Unlike the case with guilty pleas, the deferred prosecution statute does not require written notice of all consequences of the agreement." *Michel*, 89 Wn. App. at 770. We agree, adopt the holding in *Michel*, and apply it to the slightly varied facts of Tucker's case.

[9] U.S. CONST. amend. V; WASH CONST. art. I, § 3.

[10] U.S. CONST. amend. XIV, § 1; WASH CONST. art. I, § 12.

¶17 Two years later, Division One of our court addressed a related statutory interpretation argument that a charge dismissed following a deferred prosecution is not a "prior offense." *Jenkins*, 99 Wn. App. at 289. The court held that the legislature meant exactly what it said: It intended that a successfully completed, deferred prosecution should count as a prior offense for sentencing purposes in a subsequent DUI offense. *Jenkins*, 99 Wn. App. at 290-91.

¶18 Rejecting Tucker's analogy to *Shaffer*, we adopt *Jenkins* and *Michel*. We hold, therefore, that former RCW 46.61.5055(11)(a)(vii) does not violate due process by increasing the penalty for a second DUI where a defendant has previously admitted to having committed a prior DUI under a deferred prosecution (even though that prior DUI charge was dismissed following successful completion of the deferred prosecution conditions). The legislature's intent in providing deferred prosecution was to encourage people with severe alcohol addictions to seek treatment in the hope that they would never drive under the influence again. Where, however, such treatment has not curtailed a defendant's drinking and driving, the legislature has expressed in this statute its intent to protect the public from the grave danger of repeated drunken driving.

¶19 Accordingly, we affirm Tucker's enhanced DUI sentence.

MORGAN, A.C.J., and ARMSTRONG, J., concur.