IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CODY C. THORNOCK,<br><br>    Appellant,<br><br>  v.<br><br>THE HON. MICHAEL LAMBO,<br><br>    Respondent. | No. 80294-1-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

LEACH, J. — Cody Thornock appeals the denial of a deferred prosecution based solely on his out of state residency. He claims the municipal court abused its discretion and violated his rights to equal protection by denying him a deferred prosecution. Because the deferred prosecution statute does not prohibit a court from considering a defendant's residency, and the municipal court's decision served a legitimate State interest in ensuring compliance with the deferred prosecution program, the municipal court did not abuse its discretion or deny Thornock equal protection rights. We affirm.

FACTS

The City of Kirkland charged Cody Thornock with driving under the influence (DUI) in Kirkland Municipal Court. Thornock, a resident of Idaho, appeared for arraignment on the charge on August 26, 2012. Later that year, he was arrested

Citations and pincites are based on the Westlaw online version of the cited material.

and charged with two more DUIs in Idaho and Colorado. He pleaded guilty to both charges.

In March 2013, the municipal court issued a bench warrant when Thornock failed to appear for hearing. In September 2013, Thornock asked to be heard on the court's bench warrant calendar, but he failed to appear. In April 2016, when Thornock failed to appear for a warrant expiration hearing, the court issued another bench warrant. In October 2018, Thornock appeared with counsel, was served with the warrant, and was taken into custody. He posted bond and was released.

On January 28, 2019, Thornock filed a petition for a deferred prosecution, a pre-conviction program that allows a defendant charged with a misdemeanor or gross misdemeanor to avoid a conviction upon successful completion of a treatment program.[1] He told the court he had intended to reside in Idaho during his deferred prosecution where he planned to complete a treatment program.

On April 29, 2019, Thornock appeared in court for a hearing on the deferred prosecution petition. Judge Michael Lambo denied Thornock's request for a deferred prosecution. The court stated, "I'm not going to approve a deferred prosecution for an out-of-state defendant" stating, "it's too difficult to enforce….[w]ith probation, to enforce violations. Warrants aren't any good [if] [the] out of state Defendant was to fail[] to appear-if the Defendant was to violate conditions of the deferred." The court then denied Thornock's request to exonerate bail because he was an out of state defendant and "was in a failure to appear status for almost six years."

---

[1] RCW 10.05, State v. Sell, 110 Wn. App. 741, 747, 43 P.3d 1246 (2002).

Thornock sought a writ of review of Judge Lambo's order in King County Superior Court. Thornock argued Judge Lambo acted illegally by denying the deferred prosecution based on a "blanket policy" of denying this relief to out of state defendants because Washington residency is not a statutory requirement for granting a deferred prosecution. The court denied the writ ruling that Judge Lambo did not abuse his discretion. The court stated, "I have nothing in this record to show that there is a blanket policy that was implemented here; what I do see is a clear exercise of discretion that the Court, it appears to me, had the ability to exercise." The superior court did not have a transcript of the proceeding before Judge Lambo. It had just a docket entry indicating that counsel asked Judge Lambo to explain his reasons. Thornock filed a motion to reconsider which included a transcript of the hearing before Judge Lambo. The court denied the motion to reconsider finding that:

> Mr. Thornock's declaration as to what the judge said is hearsay. It is also not an accurate recitation of what the transcript shows, which is that the judge exercised his discretion to deny the requested disposition for this out of state defendant. The judge was entitled to decide that in this case, the probation could not be enforced.

Thornock appeals.

## ANALYSIS

Thornock claims the municipal court acted illegally by imposing a blanket policy of denying deferred prosecutions for out of state residents because the statute does not require the petitioner to be a Washington State resident. He also contends the court's "blanket policy" violates equal protection because it treats him

3

differently from similarly situated in-state defendants who are eligible to participate in a deferred prosecution program.

A writ of review is an extraordinary remedy that courts should grant sparingly.[2] On an appeal from a superior court decision, in a writ of review case, we review de novo the record of the lower tribunal or agency and not the superior court judgment.[3] A court may issue a statutory writ of review if the petitioner can show:

> an inferior tribunal, board or officer, exercising judicial functions has exceeded the jurisdiction of such tribunal board or offer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.[4]

For purposes of issuing a writ under RCW 7.16.040, a court acts illegally when it (1) has committed an obvious error that would render further proceedings useless; (2) has committed probable error and the decision substantially alters the status quo or substantially limits the freedom of a party to act; or (3) has so far departed from the accepted and usual course of judicial proceedings as to call for the exercise of revisory jurisdiction by an appellate court.[5]

RCW 10.05 provides courts of limited jurisdiction discretionary authority to grant or deny a deferred prosecution to persons charged with a misdemeanor or gross misdemeanor.[6]  Because the court's authority to grant a deferred

---

[2] City of Seattle v. Holifield, 170 Wn.2d 230, 243, 240 P.3d 1162 (2010).
[3] Leavitt v. Jefferson Cnty, 74 Wn. App. 668, 677, 875 P.2d 681 (1994).
[4] RCW 7.16.040.
[5] Holifield, 170 Wn.2d at 244-45.
[6] State v. Higley, 78 Wn. App. 172, 187, 902 P.2d 659 (1995); State v. Ashue, 145 Wn. App. 492, 498, 188 P.3d 522 (2008).

prosecution is discretionary, we review the court's ruling for an abuse of discretion. A trial court abuses its discretion when its ruling is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.[7] A trial court also abuses its discretion when it makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law.[8]

Thornock fails to show the municipal court abused its discretion. Thornock's living out of state was not an untenable reason for the court to deny his petition for a deferred prosecution. As the superior court noted:

> A judge could, it seems to me, reasonably distinguish between people who live in state and out of state; and calculating the likelihood that a deferred prosecution will be successful. And I can think of a lot of reasons why a judge could reasonably exercise his discretion to do that; a judge could decide that no matter how much the defendant touts the good name of an Idaho treatment program, that a judge in Kirkland does not know whether, in fact, it is a trustworthy and reliable program, or whether he can count on that program to let him know if the defendant is non-compliant. A judge may feel, legitimately, that prior issuance of warrants for out-of-state folks were pretty unsuccessful; this case could be viewed as a poster child for that view, considering that a warrant issued, I think, in 2013, and the defendant does not appear to have shown his face in Kirkland Municipal Court until about five years later. That doesn't seem like a real effective use of warrants to make sure that cases move along in a smooth fashion.

Our review of Judge Lambo's oral ruling reflects these concerns. While he provided a brief explanation of his decision, when pressed by Thornock to explain why he would not grant a deferred prosecution to an out of state defendant, Judge Lambo noted the difficulty of enforcement and ensuring a timely appearance with bench warrants. Judge Lambo denied Thornock's request to exonerate bail for the

---

[7] State v. Dixon, 159 Wn.2d 65, 75-76, 147 P.3d 991 (2006).
[8] Dixon, 159 Wn.2d at 76.

same reason noting he "was in a failure to appear status for almost six years." Based on this record, we cannot say that Judge Lambo's ruling was manifestly unreasonable or based on untenable reasons.

The cases Thornock relies on do not support his position. For example, in State v. Grayson, the trial court denied the defendant's request for a Drug Offender Sentencing Alternative (DOSA) based on the court's belief that the State could no longer fund treatment for DOSA participants.[9] The court held that the trial court abused its discretion because it "categorically refused to consider a statutorily authorized sentencing alternative."[10] But here, Judge Lambo did not "categorically refuse" to consider a deferred prosecution. He did so based on a particular fact, Thornock's out of state residency status. As discussed above, this was not an untenable reason to deny the deferred prosecution. Moreover, unlike Grayson, where the court's stated reason was a fact outside the record that had not been proved, Thornock does not dispute his out of state residency. And, the record demonstrates its effect on the court's ability to ensure his appearance before the court.

In State v. McFarland, the trial court imposed consecutive sentences based on its erroneous belief that it did not have discretion to decline to do so.[11] Washington State Supreme Court reversed concluding the trial court erred by operating under an erroneous view of the law. The court reiterated that "when a court is called on to make a discretionary sentencing decision, the court must

---

[9] 154 Wn.2d 333, 336-37, 111 P.3d 1183 (2005).
[10] Grayson, 154 Wn.2d at 342.
[11] 189 Wn.2d 47, 55-56, 399 P.3d 1106 (2017).

6

meaningfully consider the request in accordance with the applicable law."[12] But here, the municipal court had no mistaken belief about the court's discretion to grant a deferred prosecution. Rather, Judge Lambo acted within his discretionary authority to deny one. Thornock cites other cases none of which apply here.[13]

Thornock's equal protection claims also lack merit. The equal protection clause of the Fourteenth Amendment and article I, section 12 of the Washington State Constitution are "substantially identical and subject to the same analysis."[14] The constitutional right to equal protection of the law requires similarly situated persons receive like treatment under the law.[15] As a threshold requirement, an equal protection claim must establish the defendant received disparate treatment because of membership in a class of similarly situated individuals, and that the disparate treatment was the result of intentional or purposeful discrimination.[16] The city does not dispute Thornock received different treatment from similarly situated individuals based on his classification as an out of state defendant. To determine whether the discriminatory state action violates equal protection rights, we apply the appropriate standard of review, which depends on the nature of the classification or the rights involved.[17] When, as here, the state action does not infringe on a fundamental right or involve a suspect class, we apply rational basis

---

[12] McFarland, 189 Wn.2d at 56.

[13] State v. Pettitt, 93 Wn.2d 288, 609 P.2d 1364 (1980); State v. Sinclair, 192 Wn. App. 380, 367 P.3d 612 (2016); State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015).

[14] State v. Osman, 157 Wn.2d 474, 483 n. 11, 139 P.3d 334 (2006).

[15] State v. Shawn P., 122 Wn.2d 553, 559-60, 859 P.2d 1220 (1993).

[16] Osman, 157 Wn.2d at 484.

[17] State v. Hirschfelder, 170 Wn.2d 536, 550, 242 P.3d 876 (2010).

7

review.[18]  To conduct rational basis review, we apply the following standards:

> Under the rational basis test, state action does not violate the equal protection clause if there is a rational relationship between the classification and a legitimate state interest.  We will uphold State action unless "it rests on grounds wholly irrelevant to the achievement of legitimate state objective."  Disparate treatment of those within and without a designated class rationally relates to achievement of the State's objective if there is some basis in reality for the distinction between the two classes and the distinction serves the purpose intended by the legislature.[19]

In State v. Osman, the court held that a trial court did not violate equal protection when it denied a special sex offender sentencing alternative (SSOSA) based on concerns that the defendant, an alien subject to deportation, would not be able to comply with the requirements of a SSOSA.[20]  The trial court was concerned that if the defendant was deported, after serving his reduced sentence, he would not receive treatment and would receive a lower than warranted sentence.[21]  Applying rational basis review, the court concluded the trial court's decision was rationally related to the Sentencing Reform Act's (SRA) goal of ensuring standard sentencing and it did not violate the defendant's right to equal protection.[22]  In doing so, the court noted the SRA gives the court discretion to impose a SSOSA and it does not expressly prohibit imposition of a SSOSA if the defendant is an alien nor does it expressly prohibit a court from considering alienage or deportability when determining whether a SSOSA is appropriate.[23]

---

[18] Hirschfelder, 170 Wn.2d at 550.
[19] Osman, 157 Wn.2d at 486.
[20] 157 Wn.2d at 487.
[21] 157 Wn.2d at 487.
[22] 157 Wn.2d at 487-88.
[23] 157 Wn.2d at 486.

Classifications based on residency have also been upheld against equal protection challenges. In Holbrook Inc. v. Clark County, the court held that a county had a rational basis for its decision to notify only county residents of proceedings involving land that was also owned by a non-county resident.[24]

Likewise here, the court's different treatment of out of state defendants, such as Thornock, withstands rational basis review. The court's concerns with compliance and monitoring of a deferred prosecution granted to an out of state defendant serve the State's legitimate interest in ensuring the requirements of a deferred prosecution are met. While Thornock points out the statute does not require state residency for eligibility, nothing in the statute prohibits a court from considering a defendant's out of state residence in exercising its discretion to deny a deferred prosecution.[25]

Because the municipal court's decision to deny the deferred prosecution was a proper exercise of its discretion and did not violate the right to equal protection, Thornock fails to demonstrate a basis for issuing a statutory writ of review of the municipal court's ruling. We affirm the superior court's denial of his request for a writ of review.

_Leach, J._

WE CONCUR:

---

[24] 112 Wn. App. 354, 368-69, 49 P.3d 142 (2002).
[25] Osman, 157 Wn.2d at 486.