IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53408-8-II |
| Appellant, | |
| v. | |
| ALEM SKROBO, | PUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — The State appeals the superior court's order reversing the district court's order that revoked Alem Skrobo's deferred prosecution. The district court revoked Skrobo's deferred prosecution about a month prior to the expiration of Skrobo's five-year deferred prosecution. The superior court concluded that the district court did not have the statutory authority to revoke Skrobo's deferred prosecution after the required two-year treatment program of the five-year deferred prosecution. The State argues that the superior court erred by interpreting the statutory scheme governing deferred prosecutions as limiting the district court's authority to revoke a deferred prosecution to the two-year period of required treatment.

Interpreting the deferred prosecution statutes as limiting the court's authority to revoke a deferred prosecution to the two-year period of required treatment renders large portions of the statutory scheme meaningless and leads to an absurd result. Such an interpretation creates a situation in which the courts are powerless to impose consequences for a violation of the deferred prosecution order during the three years *after* the required two-year treatment period while the deferred prosecution is still in effect. Therefore, we reverse the superior court's order.

FACTS

Skrobo was charged in district court with driving under the influence (DUI) and reckless driving for an incident that occurred on May 12, 2012. In October 2013, Skrobo petitioned the district court for a deferred prosecution.

On October 28, 2013, the district court entered an order for deferred prosecution. The district court approved Skrobo's two-year treatment plan and ordered that "the prosecution of the Defendant in this matter is hereby deferred for a five year period from this date." Clerk's Papers (CP) at 16. The district court also ordered that Skrobo "[m]aintain total abstinence from alcohol and all other non-prescribed mind-altering drugs for the duration of the Deferred Prosecution[.]" CP at 16. The district court further ordered that Skrobo "[r]emain law abiding for the duration of the Deferred Prosecution." CP at 17.

In January 2018, the State filed a motion to revoke Skrobo's deferred prosecution based on new charges of hit and run, DUI, and reckless endangerment. On September 24, the district court entered an order revoking Skrobo's deferred prosecution. Skrobo filed a motion to have the district court reconsider its order revoking his deferred prosecution. The district court denied Skrobo's motion to reconsider. On December 11, the district court entered a judgment and sentence on Skrobo's DUI and reckless driving charges.

Skrobo appealed the revocation of his deferred prosecution to the superior court. The superior court concluded that the district court did not have the statutory authority to revoke Skrobo's deferred prosecution after the two-year deferred prosecution treatment program, reversed the decisions of the district court, and remanded to the district court to vacate its orders.

No. 53408-8-II

The State petitioned this court for discretionary review of the superior court's order reversing the district court.[1] A commissioner of this court granted discretionary review of the superior court's decision.[2]

ANALYSIS

A. LEGAL PRINCIPLES

We review a district court decision under RALJ 9.1, performing the same function as the superior court. *See City of Seattle v. May*, 151 Wn. App. 694, 697, 213 P.3d 945 (2009), *aff'd on other grounds*, 171 Wn.2d 847 (2011).

We review issues of statutory interpretation de novo. *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). Our main goal in interpreting statutes is to determine the legislature's intent. *Id*. Legislative intent is determined from the text of the statutory provision in question, as well as the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. *Id*. "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005) (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). "[W]e presume the legislature does not intend absurd results and, where possible, interpret ambiguous language to avoid such absurdity." *State v. Ervin*, 169 Wn.2d 815, 823-24, 239 P.3d 354 (2010).

---

[1] Mot. for Discr. Review (May 13, 2019).

[2] Ruling Granting Review (July 19, 2019).

3

Only if the statute is ambiguous do we use statutory construction, legislative history, and relevant case law to help discern the legislative intent. *Id.* at 820. A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* The rule of lenity requires that a court interpret an ambiguous statute in the defendant's favor absent legislative intent to the contrary. *Conover*, 183 Wn.2d at 712.

Deferred prosecutions are governed by chapter 10.05 RCW. The statutory provisions at issue here are 10.05.100, 10.05.120,[3] 10.05.140,[4] and 10.05.150. "'Because deferred prosecution is a creature of statute, the District Court's authority with regard to the imposition of conditions of deferred prosecution must be measured by statutory law.'" *Abad v. Cozza*, 128 Wn.2d 575, 580, 911 P.2d 376 (1996) (quoting *State v. Wright*, 54 Wn. App. 638, 639-40, 774 P.2d 1265 (1989)).

B. INTERPRETATION OF THE DEFERRED PROSECUTION STATUTES

The State argues that the statutory provisions at issue show that the legislature intended for the district court to have the authority to revoke a deferred prosecution during the entire five-year period prior to dismissal. Skrobo argues that these provisions are ambiguous, and therefore, the rule of lenity requires interpreting them in his favor and concluding that a deferred prosecution may only be revoked during the two-year treatment program. Because Skrobo's interpretation leads to an absurd result, rendering the court powerless to impose consequences for violation of

---

[3] RCW 10.05.120 was amended in 2019, effective January 1, 2021. However, the relevant language is unchanged so we cite to the current version of the statute.

[4] RCW 10.05.140 was amended in 2019, effective January 1, 2021. However, the relevant language is unchanged so we cite to the current version of the statute.

the deferred prosecution order prior to dismissal and subsequently leaving the pending charges in a state of limbo, we agree with the State.

RCW 10.05.100 provides,

If a petitioner is subsequently convicted of a similar offense that was committed while the petitioner was in a deferred prosecution program, upon notice the court shall remove the petitioner's docket from the deferred prosecution file and the court shall enter judgment pursuant to RCW 10.05.020.

RCW 10.05.120(1) provides,

Three years after receiving proof of successful completion of the two-year treatment program, and following proof to the court that the petitioner has complied with the conditions imposed by the court following successful completion of the two-year treatment program, but not before five years following entry of the order of deferred prosecution pursuant to a petition brought under RCW 10.05.020(1), the court shall dismiss the charges pending against the petitioner.

RCW 10.05.140(1) provides in relevant part,

To help ensure continued sobriety and reduce the likelihood of reoffense, the court may order reasonable conditions during the period of the deferred prosecution including, but not limited to, attendance at self-help recovery support groups for alcoholism or drugs, complete abstinence from alcohol and all nonprescribed mind-altering drugs, periodic urinalysis or breath analysis, and maintaining law-abiding behavior. The court may terminate the deferred prosecution program upon violation of the deferred prosecution order.

And RCW 10.05.150 provides, in relevant part, "A deferred prosecution program for alcoholism shall be for a two-year period . . . ."

Here, the district court revoked Skrobo's deferred prosecution for violating the terms of the deferred prosecution order under RCW 10.05.140(1), so we begin by looking at the plain language of that statute. RCW 10.05.140(1) allows for the district court to impose conditions "during the period of deferred prosecution" and to "terminate the deferred prosecution program upon violation of the deferred prosecution order." Nowhere in chapter 10.05 RCW are the terms

"during the period of deferred prosecution," or "deferred prosecution program" expressly defined by the legislature. However, RCW 10.05.150 states that a "deferred prosecution program for alcoholism shall be for a two-year period."

Skrobo argues that the statutes should be interpreted such that "deferred prosecution program" means the same two-year period of time as the term deferred prosecution program for alcoholism is defined in RCW 10.05.150 "as there is no other definition." Br. of Resp't at 3. However, Skrobo's interpretation conflates the generic term "deferred prosecution program" with the more specific term "deferred prosecution program for alcoholism."

A more reasonable interpretation is to distinguish the umbrella term referencing the "deferred prosecution program" as a whole from the specific term "deferred prosecution program for alcoholism," which refers specifically to the alcoholism treatment program. This is consistent with the title of RCW 10.05.150, which is "Alcoholism program requirements." Distinguishing the "deferred prosecution program for alcoholism" from the umbrella term of "deferred prosecution program" allows for a distinction between the conditions of treatment and other conditions a court may impose on those in a deferred prosecution program (e.g., installation of an interlock device, abstinence, periodic urinalysis or breath analysis, vehicle registration and licensing requirements, supervision, and maintaining law abiding behavior). *See* RCW 10.05.020, 10.05.060, 10.05.100, 10.05.140, 10.05.170, 10.05.180, 10.05.190. This interpretation allows this court to give meaning to other provisions of chapter 10.05 RCW.

For example, RCW 10.05.120(1) allows a court to dismiss pending charges against a defendant "*[t]hree years after receiving proof of successful completion of the two-year treatment program,* and *following proof* to the court that the petitioner has complied with the conditions

imposed by the court *following successful completion of the two-year treatment program, but not before five years following entry of the order of deferred prosecution.*" (emphasis added). RCW 10.05.140(1) allows the court to "order reasonable conditions during the period of the deferred prosecution" and states that the court "may terminate the deferred prosecution program upon violation of the deferred prosecution order." If the court did not have the power to revoke a deferred prosecution during the three-year period *after* the two-year treatment program, it would render provisions of both RCW 10.05.120 and RCW 10.05.140 meaningless.

Skrobo reads RCW 10.05.120(1) to refer exclusively to conditions that are imposed *after* treatment is completed. But this reading of the statute is not reasonable. There are no provisions in chapter 10.05 RCW that provide procedures for imposing conditions following completion of treatment. The only provision that addresses conditions is RCW 10.05.140, which addresses conditions imposed at the time the deferred prosecution is granted.

RCW 10.05.120(1) and RCW 10.05.140(1) can be reconciled by reading the phrase "following successful completion of the two-year treatment program" to modify the petitioner's compliance with the treatment program, not the court's conditions imposed under RCW 10.05.140(1). In other words, under RCW 10.05.120(1), the petitioner must provide proof that, following successful completion of treatment, the petitioner has complied with all conditions imposed by the court under RCW 10.05.140(1). And based on the plain language of the statute, this would be for a period of three years following successful completion of treatment. This interpretation of the statutes establishes that the period of the "deferred prosecution program" is five years, rather than the two years of alcoholism treatment. Under this interpretation, all the language of the statutory provisions at issue here can be given meaning.

7

Additionally, RCW 10.05.100 addresses the consequences of convictions for similar offenses. Under RCW 10.05.100, if a petitioner is convicted of a similar offense "committed while the petitioner was in a deferred prosecution program," "the court shall remove the petitioner's docket from the deferred prosecution file and the court shall enter judgment." Because the charges cannot be dismissed for five years from the date of entry of the deferred prosecution order, the petitioner's docket would remain in the deferred prosecution file for an additional three years after successful completion of the two-year treatment program. RCW 10.05.120(1). But under the superior court's interpretation, the language "remove the petitioner's docket from the deferred prosecution file and *the court shall enter judgment*" would be rendered meaningless because the court would be unable to take any action if a petitioner is convicted of a similar offense while in a deferred prosecution program after the completion of treatment while the petitioner's docket remains on the deferred prosecution file. RCW 10.05.100.

Furthermore, interpreting the statutory provisions to refer to a five-year "period of deferred prosecution" or five-year "deferred prosecution program" avoids interpreting the statutory provisions to reach an absurd result. Under the superior court's interpretation, as soon as a petitioner successfully completes the two-year treatment program, he or she can commit similar offenses and violate all the conditions of the deferred prosecution order but the court would be powerless to impose any consequence. This does nothing to "help ensure continued sobriety and reduce the likelihood of reoffense," which is the stated purpose of imposing conditions on the grant of deferred prosecution. RCW 10.05.140(1). It would simply be absurd to interpret the statutes as if the legislature intended to impose an additional three years after successfully completing the two-year treatment program before charges could be dismissed and but intended for there to be no

8

consequences to the petitioner for violating the other conditions of the deferred prosecution during that three-year period of time.[5] The legislature cannot have intended such a result.

Skrobo argues that the language of the deferred prosecution statutes was ambiguous and, therefore, the rule of lenity required the statutes to be interpreted in Skrobo's favor. However, ambiguity requires two *reasonable* interpretations of the statutory language. For the reasons explained above, Skrobo's interpretation may be *possible*, but it is not reasonable because it renders whole portions of the statutory scheme meaningless and leads to absurd results. Because the statutory provision can be read in a way that gives meaning to all the provisions and reaches a sensible result, there is only one reasonable interpretation of chapter 10.05 RCW. Therefore, the statutory provisions are not ambiguous and the rule of lenity does not apply.

---

[5] To the extent Skrobo argues that this is meant to be a waiting period analogous to the waiting period to vacate felony convictions, this argument is not persuasive. RCW 9.94A.640 and RCW 9.96.060 carry waiting periods for vacation of *convictions*. Having a record of convictions carries consequences outside of simple conditions of probation as Skrobo argues. For example, prior convictions can be included in an offender score for subsequent offenses, affect rights such as voting and firearm rights, and are disclosable on housing and employment applications. Here, a charge is not the same thing as a conviction, and there seems to be little purpose to make a defendant wait to have a pending charge in a deferred prosecution dismissed when the petitioner has effectively completed treatment and addressed the problem that resulted in the charge but also allow the petitioner to violate the law and other conditions of the deferred prosecution without consequence.

No. 53408-8-II

Under RCW 10.05.120 and RCW 10.05.140, a court may revoke a deferred prosecution for violations of the deferred prosecution order at any time during the five years following entry of the deferred prosecution order. Therefore, we reverse the superior court.

Lee, C.J.

We concur:

Sutton, J.

Glasgow, J.