IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86111-5-I |
| Petitioner, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| DEBORAH PEOPLES, | |
| Respondent. | |

DíAZ, J. — In 2014, Deborah Peoples successfully petitioned the district court for entry of an order of deferred prosecution (Order). In 2022, following alleged violations of the Order, Peoples filed a motion to "extend" the court's "jurisdiction and the authority to continue to supervise [her] deferred prosecution for more than five years." The district court denied her motion, stating it did not have "authority to extend [its] jurisdiction beyond five years," noting that, "[i]f I could, I would." The superior court reversed, finding the district court "did have the authority to extend" as "the statute does not limit the trial court's jurisdiction to only five years." On appeal, the parties continue to present the question as whether an order of deferred prosecution is limited to a definite time period and whether a court may "extend" such an order beyond that term.

We believe the proper framing of the issues before us is, when the district court was presented with alleged violations of its Order, whether RCW 10.05.090

required the court to either continue Peoples' treatment plan or remove her from the deferred prosecution. We hold the district court abused its discretion by not recognizing or exercising its discretion under RCW 10.05.090 to either continue Peoples' treatment or "remove" her from deferred prosecution. All other questions are immaterial to this matter.

I.      BACKGROUND

In December 2013, the State charged Peoples with driving under the influence (DUI), a gross misdemeanor under RCW 46.61.502(5). In April 2014, Peoples petitioned the Whatcom County District Court for a deferred prosecution to treat her alcohol use disorder. The same day, the district court accepted her petition, approved the treatment plan, and entered its Order.

Between 2015 and 2021, numerous probation officers notified the court that Peoples had violated various conditions of the Order. The court ordered Peoples to appear each time.

In February 2022, Peoples filed a "Motion to Extend Supervision and Maintain Deferred Prosecution" (Motion). The district court denied the Motion, convicted Peoples of DUI, and entered a judgment and sentence. Peoples appealed that decision to the Whatcom County Superior Court under RALJ 9.1.

In November 2023, the superior court reversed the district court. The superior court explained that, "while RCW 10.05.120 precludes dismissal of a deferred prosecution before the expiration of five years[,] the plain language of the statute does not limit the trial court's jurisdiction to only five years." The State successfully sought discretionary review before this court.

2

## II.  ANALYSIS

"'Deferred prosecution is designed to encourage treatment of culpable people whose conduct is caused by a treatable condition, like alcoholism.'" City of Bremerton v. Tucker, 126 Wn. App. 26, 32, 103 P.3d 1285 (2005) (emphasis omitted) (quoting City of Kent v. Jenkins, 99 Wn. App. 287, 289-90, 992 P.2d 1045 (2000)).  Through this process, petitioners "are given an opportunity to avoid conviction if they successfully complete treatment." Jenkins, 99 Wn. App. at 290.

"Deferred prosecutions are governed by chapter 10.05 RCW." State v. Skrobo, 17 Wn. App. 2d 197, 201, 485 P.3d 333 (2021).  A "'deferred prosecution is a creature of statute'" and, thus, "'the District Court's authority . . . must be measured by statutory law.'" Id. (quoting Abad v. Cozza, 128 Wn.2d 575, 580, 911 P.2d 376 (1996)) (considering the imposition of a court's conditions of deferred prosecution); see also State v. Wright, 54 Wn. App. 638, 640, 774 P.2d 1265 (1989) (seeking "direct authority in RCW 10.05 for the imposition of jail time as a condition of deferred prosecution"); State v. Friend, 59 Wn. App. 365, 797 P.2d 539 (1990) (striking the imposition of costs as part of a deferred prosecution).

"We review a district court decision under RALJ 9.1, performing the same function as the superior court." Skrobo, 17 Wn. App. 2d at 200.  When a "court's authority . . . is discretionary, we review the court's ruling for an abuse of discretion." Thornock v. Lambo, 14 Wn. App. 2d 25, 31, 468 P.3d 1074 (2020) (considering the authority to initially grant a deferred prosecution).  This matter also presents a question of statutory interpretation which we review de novo. State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010).

The parties frame the questions in this matter as whether or not (1) Peoples' deferred prosecution was for a determinate time or "term," and (2) the district court had jurisdiction or authority to "extend" that term. We disagree with that framing.

When we interpret a statute, "we look to the text of the statutory provision in question, as well as 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" Ervin, 169 Wn.2d at 820 (quoting Ravenscroft v. Wash. Water Power Co., 136 Wn.2d 911, 920–21, 969 P.2d 75 (1998)). Nowhere in chapter 10.05 RCW is the word "term" defined or used in the way the parties do. Nor does chapter 10.05 RCW directly address a court's authority to "extend" the term, if any, of deferred prosecutions. We should, instead, consider, as "[t]he surest indication of legislative intent," "the language enacted by the legislature, so if the meaning of a statute is plain on its face we 'give effect to that plain meaning.'" Id. (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)).

On these facts, the resolution of this matter may be found in the plain language of RCW 10.05.090. That provision sets forth, in pertinent part, a three-step process. First, "[i]f a petitioner . . . fails or neglects to carry out and fulfill any term or condition of the petitioner's treatment plan . . ., the . . . agency administering the treatment . . . shall immediately report such breach to the court, the prosecutor, and the petitioner or petitioner's attorney." RCW 10.05.090. There is no dispute that the probation officers provided such notice several times here.

Second, the "court upon receiving such a report shall hold a hearing to determine whether the petitioner should be removed from the deferred prosecution

4

program." RCW 10.05.090; State v. Cassill-Skilton, 122 Wn. App. 652, 658, 94 P.3d 407 (2004) ("RCW 10.05.090 requires a court to conduct a hearing, after notice"). Again, there is no dispute that, upon receipt of each notice of violation, the court ordered Peoples to appear and, in fact, conducted a hearing on the final notice.

Third, and crucially, RCW 10.05.090 mandates that the "court *shall either order* that the petitioner *continue* on the treatment plan *or* be *removed* from deferred prosecution." (Emphasis added). In other words, RCW 10.05.090 "requires a court . . . to determine whether to terminate a participant from the program when it receives notice of a breach of a deferred prosecution agreement." Cassill-Skilton, 122 Wn. App. at 658 (citing RCW 10.05.090).

The word "shall . . . operates to create a duty" but "in each case the word is to be treated as mandatory or permissive, depending upon the intent of the legislature as determined by the ordinary rules of construction." Wash. State Liquor Control Bd. v. Wash. State Pers. Bd., 88 Wn.2d 368, 377, 561 P.2d 195 (1977). Under a plain reading of RCW 10.05.090, we hold the word "shall" operates to create a duty on the court to "either order" the petitioner "continue" on the plan "or be removed." On the merits, RCW 10.05.090 leaves that binary decision—and the grounds on which that decision may be based—wholly to the court's discretion, unless another provision militates against or eliminates a court's discretion.[1] Thus, the proper question is whether the district court made one of

---

[1] For example, if a petitioner is "subsequently convicted of a similar offense that was committed while the petitioner was in a deferred prosecution program, upon notice the court *shall* remove the petitioner's docket from the deferred prosecution

the two choices contemplated by RCW 10.05.090.

Here, the district court stated it was "not aware of any provision in any statute" that "gives the court authority to extend this jurisdiction beyond five years. *If I could, I would.*" (Emphasis added). In other words, as we understand its reasoning, the district court believed it could not continue Peoples' treatment on the belief its jurisdiction expired after five years.

We hold the district court abused its discretion by failing to recognize and exercise its discretion under RCW 10.05.090 to either continue Peoples' treatment or "remove" her from deferred prosecution. Cassill-Skilton, 122 Wn. App. at 658. A trial court abuses its discretion by "completely failing to recognize its discretion." In re Kennedy, 200 Wn.2d 1, 16, 513 P.3d 769, 776 (2022). And a "trial court abuses its discretion when," among other reasons, "it fails to exercise its discretion, such as when it fails to make a necessary decision." State v. Stearman, 187 Wn. App. 257, 265, 348 P.3d 394 (2015); see also Thornock, 14 Wn. App. 2d at 31 ("A trial court also abuses its discretion when it makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law."). The district court unilaterally relinquished the option to continue Peoples' treatment plan and thus did not recognize its obligation to make that binary

---

file and the court shall enter judgment." RCW 10.05.100 (emphasis added); State v. Higley, 78 Wn. App. 172, 186, 902 P.2d 659 (1995). Or, "[t]hree years after receiving proof of *successful* completion of the two-year treatment program . . . but not before five years following entry of the order of deferred prosecution pursuant to a petition . . ., the court *shall* dismiss the charges pending against the petitioner." RCW 10.05.120(1) (emphasis added). Neither party contends RCW 10.05.100 or .120 required the court, on the facts before it, to remove Peoples from deferred prosecution or to dismiss the charges, respectively.

decision.

As we hold the plain meaning of RCW 10.05.090 is clear, we need not consider secondary or subordinate methods of statutory interpretation, such as a review of legislative history. See, e.g., Ervin, 169 Wn.2d at 820; see also Glacier Nw. Inc. v. Dep't of Labor & Indus., 32 Wn. App. 2d 189, 201, 555 P.3d 896 (2024) (declining to use "secondary principles of statutory construction when our interpretation of the legislative intent of the statute based on its plain language is so clear").

As in this court's holding in State v. Vinge, we also "need not determine what the outer limits of the district court's jurisdiction over a deferred prosecution might be." 59 Wn. App. 134, 140, 795 P.2d 1199 (1990). We also need not determine whether a term could be set, explicitly or implicitly, as part of a deferred prosecution and whether there is theoretically some maximum term for deferred prosecutions. See Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 504, 115 P.3d 262 (2005) ("[w]e do not interpret what was intended to be written but what was written."); see also Farm Bureau Fed'n v. Gregoire, 162 Wn.2d 284, 307, 174 P.3d 1142 (2007) ("'Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.'") (quoting Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 68, 1 P.3d 1167 (2000)).

III. CONCLUSION

We reverse the district court's order denying Peoples' Motion, vacate the March 2022 judgment and sentence, and remand to the district court to conduct

an RCW 10.05.090 hearing consistent with this opinion.

_____ Díaz, J.

WE CONCUR:

_____ Coburn, J.    _____ Smith, J.